# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company,<br><br>              Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC., a Delaware Corporation, AMAZON DIGITAL SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET, INC., a Texas Corporation,<br><br>              Defendants. | Case No. 6:19-cv-388-ADA |

## OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER
## TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| *Of Counsel:*<br><br>J. David Hadden (CSB No. 176148)<br>Email:  dhadden@fenwick.com<br>Saina S. Shamilov (CSB No. 215636)<br>Email:  sshamilov@fenwick.com<br>Ravi R. Ranganath (CSB No. 272981)<br>rranganath@fenwick.com<br>Vigen Salmastlian (CSB No. 276846)<br>Email:  vsalmastlian@fenwick.com<br>**FENWICK & WEST LLP**<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA  94041<br>Telephone:    650.988.8500<br>Facsimile:    650.938.5200<br><br>August 19, 2019 | Barry K. Shelton (TX Bar #24055029)<br>bshelton@sheltoncoburn.com<br>SHELTON COBURN LLP<br>311 RR 620 S, Suite 205<br>Austin, TX 78734<br>Tel:  (512) 263-2165<br>Fax:  (512) 263-2166<br><br>*Counsel for Defendants*<br>AMAZON.COM, INC. and AMAZON DIGITAL SERVICES, LLC, PRIME NOW, LLC, and WHOLE FOODS MARKET, INC. |

**TABLE OF CONTENTS**

INTRODUCTION ------------------------------------------------------------------------------------- 1

BACKGROUND -------------------------------------------------------------------------------------- 2

LEGAL STANDARD --------------------------------------------------------------------------------- 2

ARGUMENT ------------------------------------------------------------------------------------------ 3

    I.    FRESHUB COULD AND SHOULD HAVE FILED THIS CASE IN THE AUSTIN DIVISION ------------------------------------------------------------------------ 3

    II.    THE AUSTIN DIVISION IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION FOR ALL PARTIES AND NON-PARTIES -------------------- 4

        A.    Factors Favoring Transfer --------------------------------------------------- 4

        B.    Neutral Factors ---------------------------------------------------------------- 7

CONCLUSION --------------------------------------------------------------------------------------- 8

# TABLE OF AUTHORITIES

***Cases:***                                                                                                                                                                        ***Page(s)***

*Data Scape, Ltd. v. Dell Techs., Inc.*,
   Case No. 6:19-cv-00129-ADA, Dkt. 44 (W.D. Tex. June 7, 2019) -------------------- *passim*

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009) ------------------------------------------------------------------- 4

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ------------------------------------------------------------------- 3, 5

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ------------------------------------------------------------------- 7

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) ---------------------------------------------------------- 2

*McCloud v. McClinton Energy Grp., L.L.C.*,
   No. 14-cv-620, 2014 WL 6388417 (W.D. Tex. 2014) ------------------------------------------ 5

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
   Case No. 1:14-cv-464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12,
   2014) ------------------------------------------------------------------------------------------ *passim*

***Statutes:***

   28 U.S.C. § 1404(a) ------------------------------------------------------------------------- 1, 3, 4, 7

## INTRODUCTION

Plaintiffs filed this action in the wrong division. Plaintiff Freshub, Inc. is a Brooklyn, New York company and plaintiff Freshub Ltd. (together, "Freshub") is an Israeli company. (Dkt. 1 ("Compl.") ¶¶ 1, 24 & Ex. 14.) Neither is present in this division. They accuse Amazon and Whole Foods of patent infringement. But neither the named Amazon nor Whole Foods entities have any relevant operations in this division either. Indeed, Freshub does not allege any in the complaint. Defendants Amazon.com, Inc., Amazon Digital Services, LLC, and Prime Now, LLC ("Amazon") are Delaware corporations based in Seattle. (*Id.* ¶¶ 2–4.) They have no offices in the Waco Division. Their engineers with knowledge and documents related to the products Freshub accuses in this case are in Austin and California—none are here. Whole Foods Market, Inc. is a Texas corporation based in Austin and it has neither offices nor stores in the Waco Division.[1] (Coleman Decl. ¶ 7.) Austin is a city in this district with a division courthouse of its own. Yet, Freshub chose to file this case in Waco, without identifying any party's substantive connection to this division (because there is none). This case belongs in Austin and defendants respectfully request that the Court transfer it there pursuant to 28 U.S.C. § 1404(a), but retain its oversight.

---

[1] Freshub names Whole Foods Market, Inc. as a defendant in this action. That entity is a holding company with no operations (including none relevant to this case). (Declaration of Jennifer Coleman ("Coleman Decl.") ¶ 3.) The entity that plaintiffs should have named is Whole Foods Market Services, Inc., a Delaware corporation housed in Whole Foods' corporate headquarters in Austin. (*Id.*) That entity employs the engineers responsible for development of the Whole Foods Market app and any integration of Whole Foods Market technology with Amazon's technology. (Declaration of Gerry D'Souza ("D'Souza Decl.") ¶¶ 4–5.) That entity, however, does not sell any Amazon devices in any of Whole Foods Market stores. (Coleman Decl. ¶ 8.) The only Whole Foods Market entity that does that in this district is Whole Foods Market Rocky Mountain/Southwest L.P., a Texas company based in Austin. (*Id.*) Accordingly, in this motion, "Whole Foods" refers to Whole Foods Market Services, Inc. and Whole Foods Market Rocky Mountain/Southwest L.P. No other Whole Foods Market entity has any relevant operations in this district.

## BACKGROUND

The Freshub plaintiffs assert four patents that they claim are generally directed to "a voice processing system to collect, manage, and display items described by a user." (Compl. ¶¶ 9, 17, 20, 23, and 26.)  Neither of the two Freshub entities has any connection to the Waco Division. Freshub, Inc. is a Brooklyn company and Freshub Ltd. is an Israeli company.  (*Id.* ¶¶ 1, 9, 13.) The asserted patents are assigned to IKAN Holdings LLC, a New York company that is a parent of the Freshub plaintiffs.  (*Id.* ¶¶ 1, 24 & Ex. 14.)  The patents identify four inventors:  two from New York, one from Connecticut, and one from Brazil.  (*Id.* at Exs. 1-4.)  None are from Texas.

The Freshub plaintiffs allege that the defendants infringe the asserted patents because they "make[], use[], sell[], offer[] for sale, and/or import[] . . . products with Alexa." (Compl. ¶ 28.) The complaint identifies those products as Amazon's Echo, Fire TV, Fire Tablet, Amazon App, and Alexa App, which purportedly allow customers to use voice commands "for adding items to an Amazon Cart, Whole Foods Cart, Fresh Cart, Prime Now Cart, and Alexa Shopping List." (*Id.* ¶¶ 29–31.)  The Amazon defendants are Delaware corporations with principal places of business in Seattle, Washington. (*Id.* ¶¶ 2–5.)  They have no relevant offices, employees, or documents in this division. (Declaration of Tim Thompson ("Thompson Decl.") ¶¶ 7–10.)  Whole Foods, which sells some of the accused products in some of its stores in the United States, is headquartered in Austin, Texas.  It has no offices, no stores, no employees, and no documents in this division. (Coleman Decl. ¶¶ 7–8.)  Consistently, Freshub does not plead any facts supporting venue in Waco in its complaint.  (*See generally* Compl.)

## LEGAL STANDARD

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer any action to any other district where the case "might have been brought."  *See In re*

2

*Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (quoting 28 U.S.C. § 1404(a)).  Once that threshold is met, courts then determine if the transferee venue is "clearly more convenient" by weighing the relative convenience of each venue, considering:  (1) access to sources of proof; (2) availability to secure the attendance of witnesses; (3) cost of attendance for witnesses; (4) other practical problems making trial easy, expeditious and inexpensive; (5) administrative difficulties from court congestion; (6) local interest to decide localized issues; (7) forum's familiarity with the governing law; and (8) avoidance of conflict of laws or foreign law.  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen*, 545 F.3d at 315).

Section 1404(a) "appl[ies] as much to transfers between divisions of the same district as to transfers from one district to another."  *Radmax*, 720 F.3d at 288.  The Western District of Texas has repeatedly recognized and affirmed this principle.  Here, all "of the relevant connections in this case" are to Austin rather than to Waco, requiring transfer to Austin under Section 1404.  *See Data Scape, Ltd. v. Dell Techs., Inc.*, Case No. 6:19-cv-00129-ADA, Dkt. 44, at 2 (W.D. Tex. June 7, 2019); *see also Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, Case No. 1:14-cv-464-LY, 2014 WL 12479284, at *1 (W.D. Tex. Aug. 12, 2014) (granting intra-district transfer).

## ARGUMENT

The Court should transfer this case to the Austin Division, which is the clearly more convenient forum for all parties, including Freshub.

**I.   FRESHUB COULD AND SHOULD HAVE FILED THIS CASE IN THE AUSTIN DIVISION.**

Freshub's complaint itself confirms that this case could have been filed in Austin.  It correctly alleges that Whole Foods "maintains its headquarters" in Austin.  (Compl. ¶ 5.)  It alleges that Amazon "maintains a large office employing thousands of workers, including management-

level and engineering employees" (*id.* at 8, Ex. 4), and has software development centers (*id.* Ex. 4 at 3) and two fulfillment centers in the Western District of Texas (*id.* ¶¶ 3–8, Exs. 1–4), all but one of which are in the Austin Division (Thompson Decl. ¶¶ 3–7, 9, 10).  The other, a single distribution center unrelated to a claim of patent infringement, is in the San Antonio Division of this district.  (*Id.* ¶ 9.)  There can be no dispute that this case "might have been brought" in Austin.  *Mimedx*, 2014 WL 12479284 at *1–2 (citing *In re Volkswagen*, 545 F.3d at 312).

## II. THE AUSTIN DIVISION IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION FOR ALL PARTIES AND NON-PARTIES.

In this case, four of the Section 1404(a) factors favor transfer to Austin, the remainder are neutral, and not a single relevant factor favors the plaintiffs' chosen venue.  Transfer to Austin is appropriate.  *See Mimedx*, 2014 WL 12479284 at *2–3 (ordering transfer where four factors favored transfer, four were neutral, and none favored plaintiff's chosen venue); *Data Scape*, Dkt. 44 at 3–6 (three factors favored transfer, two were neutral, and none weighed against transfer).

### A. Factors Favoring Transfer

No party to this action has any connection to the Waco Division.  All relevant documents and witnesses in the Western District of Texas are in Austin.  Accordingly, the relative ease of access to sources of proof, the cost of attendance for willing witnesses, other practical issues, and Austin's local interest in deciding this case all favor transfer.

Evidence in a patent infringement case typically comes from the accused infringer.  *See In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (applying 5th Circuit law).  Defendants have no relevant operations, personnel, or documents in the Waco Division.  (Coleman Decl. ¶ 7; Thompson Decl. ¶¶ 8–9.)  Whole Foods' relevant evidence—including engineers, documents, and reporting structure—is in Austin.  (Coleman Decl. ¶¶ 5–6; D'Souza Decl. ¶ 4–5.)  Amazon's engineers and documents with information relating to the accused devices, apps, and

4

functionalities are located either in Austin or California. (Thompson Decl. ¶¶ 2–7.) Freshub, for its part, points to no sources of its own evidence in the Waco Division. Thus, the bulk of the relevant evidence is in Austin and the relative ease of access to the sources of proof factor weighs heavily in favor of transfer to the Austin Division. *McCloud v. McClinton Energy Grp., L.L.C.*, No. 14-cv-620, 2014 WL 6388417, *3 (W.D. Tex. 2014) (granting intra-district transfer even though not "not 'all' the evidence" was in the transferee district, but "certainly the bulk of it is" was and plaintiff "point[ed] to no evidence in . . . or within the [transferor division]"); *see also Radmax*, 720 F.3d at 288 (pertinent question is "*relative* ease of access" not "*absolute* ease of access" (alterations in original)); *Data Scape*, Dkt. 44 at 3 (same); *Mimedx*, 2014 WL 12479284 at *2 (same).

The cost of attendance for the willing witnesses factor also weighs in favor of transfer. This factor "appropriately considers the cost of attendance of *all* willing witnesses." *Mimedx*, 2014 WL 12479284 at *2. As an initial matter, no witness with relevant knowledge is located in the Waco Division. The plaintiffs are not there. None of the named inventors are based there. The defendants have no relevant employees in the Waco Division. Defendants' key witnesses in this case—*i.e.*, those with knowledge of "key issues [Freshub] cites in its complaint as a basis for infringement and damages"—reside in Austin, California, or Seattle. (Coleman Decl. ¶¶ 4–6; D'Souza Decl. ¶¶ 4–5; Thompson Decl. ¶¶ 2–7, 10); *Data Scape*, Dkt. 44 at 3–4. For the witnesses located in Austin, travel to Waco—over 100 miles away—will be burdensome and inconvenient, as it will add travel time, force them to be away from work and families, and impose additional expense. These burdens are unnecessary when this district has a courthouse in Austin.

For those witnesses who are not based in Austin, traveling to Austin is significantly more convenient than traveling to Waco. Amazon witnesses from California or Seattle can fly directly

5

to Austin, but would have to connect to Waco or drive there from Dallas. (Declaration of Saina Shamilov ("Shamilov Decl.") ¶¶ 2–3 Exs. 1–2.) Any Freshub witnesses, including the named inventors, would apparently come from New York City, Riverside, Connecticut, Sao Paolo, Brazil, or Tel Aviv, Israel. (Compl. ¶ 1, 24 & Ex. 14.) There are no direct flights to Waco's regional airport from any of these locations and witnesses would need to either connect through Dallas/Fort Worth or drive from Dallas to Waco, adding significant travel time, inconvenience, and expense. (Shamilov Decl. ¶¶ 4–7 Exs. 3–6.) Austin has an international airport with numerous non-stop flights from New York that those witnesses who are based in New York City or Riverside could take. From Israel or Brazil, witnesses will have to connect through one U.S. city to reach Austin, instead of the two it would take to get to Waco. (*Id.* ¶¶ 4,7 Exs. 3,6.) In *Mimedx*, the eighty-mile driving distance between Austin and San Antonio weighed in favor of transfer from one division to the other. *Mimedx*, 2014 WL 12479284 at *2. Here, the travel times are much greater and weigh more heavily toward the convenience of the Austin Division.

This case is still in its earliest stages: defendants have not yet answered the complaint, no parties have served or exchanged discovery, and the Court has not yet entered a scheduling order. Thus, transferring this case to the Austin Division does not pose a risk of any meaningful delay for a just resolution and the factor of all practical problems that make trial or a case easy, expeditions, and inexpensive also weighs heavily in favor of transfer to Austin, especially when the Court will continue to control this case once transferred. *See Mimedx*, 2014 WL 12479284 at *2 (finding transfer favorable because the court had not yet entered a scheduling order); *cf. Data Scape*, Dkt. 44 (granting intra-district transfer even after defendant filed an answer and counterclaims, and before the court entered a scheduling order). Indeed, transfer to the Austin Division increases convenience to the parties because it focuses the litigation where the majority of evidence and

relevant Texas witnesses reside. (Coleman Decl. ¶¶ 4–7; D'Souza Decl. ¶¶ 4–5; Thompson Decl. ¶¶ 2–7.) The added convenience of a trial in Austin instead of Waco would result in a more efficient, more cost-effective, and easier resolution of this dispute. *See, e.g.*, *Mimedx*, 2014 WL 12479284 at *2.[2]

The factor of the local interest in having the case decided at home also weighs heavily in favor of transfer. Whole Foods is one of Austin's largest corporate residents and employers. Its engineering, merchandizing, and financial teams and operations are based in Austin. (Coleman Decl. ¶ 6; D'Souza Decl. ¶¶ 3–5.) Whole Foods has no offices, employees, or stores in the Waco Division. (Thompson Decl. ¶ 3.) Austin also has a significant local interest in Amazon. (Thompson Decl. ¶ 3.) Amazon has two buildings in the Austin Division housing technical and other personnel, and a distribution center employing more local Austinites. (*Id.* ¶¶ 3, 9–10.) Amazon has no offices or distribution centers inside the Waco Division. (*Id.* ¶¶ 8–10.)

Freshub's choice of venue in this patent suit does not weaken the factors strongly weighing in favor of transfer to Austin as the "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *See Radmax*, 720 F.3d at 289; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).

B.  **Neutral Factors**

The remaining factors are neutral. The compulsory subpoena power for unwilling third-party witnesses is the same for both the Austin and Waco Divisions. Both divisions are familiar with and equally capable of applying federal patent law. Regardless of the division, neither would

---

[2] Moreover, there is no co-pending litigation in the Waco Division that would pose practical or logistical problems, or raise the specter of inconsistent rulings. *Cf. Data Scape,* Dkt. 44 at 4–5. And because this Court can retain the case on its docket with the pretrial proceedings and trial taking place in the Austin Division, there is no risk of judicial waste or inefficiency associated with the transfer defendants seek.

present a conflict of law or require the application of foreign law.  And finally, defendants are not aware of any significant congestion in either division, such that efficiency would favor one over the other.  Indeed, there is no reason why this Court could not retain the case on its docket following transfer to the Austin Division.  Doing so would render this factor irrelevant.

## CONCLUSION

For the foregoing reasons, and because the Waco division has no ties to this lawsuit, but the Austin division does, defendants respectfully request that the Court transfer this case to Austin.

Respectfully, submitted,

*/s/ Barry K. Shelton*
Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel:  (512) 263-2165
Fax:  (512) 263-2166

*Of Counsel:*

J. David Hadden, CSB No. 176148
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
Email: sshamilov@fenwick.com
Ravi R. Ranganath
rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.520

*Counsel for Defendant*
AMAZON.COM, INC., AMAZON DIGITAL SERVICES, LLC, PRIME NOW, LLC; and WHOLE FOODS MARKET, INC.

August 19, 2019

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for the parties have conferred and plaintiffs are opposed to this motion.

          /s/ *Barry K. Shelton*
          Barry K. Shelton

## CERTIFICATE OF SERVICE

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

*/s/ Barry K. Shelton*
Barry K. Shelton
