UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| FRESHUB, INC., FRESHUB, LTD. | § § | |
| vs. | § § | NO: 1:19-CV-00885-ADA |
| AMAZON.COM INC., AMAZON DIGITAL SERVICES, LLC, PRIME NOW, LLC, WHOLE FOODS MARKET SERVICES, INC. | § § § § § | |

# JOINT STIPULATION REGARDING [PROPOSED] ORDER GOVERNING PROCEEDINGS

Pursuant to the Case Management Conference with the Court on October 9, 2019 and the Court's Order Governing Proceedings in this action (Dkt. No. 26), the parties hereby jointly submit the following Joint Stipulation Regarding [Proposed] Order Governing Proceedings. The following deadline was set by the Court during the Case Management Conference:

1. This case is set for a Markman hearing on March 27, 2020 at 9:00 am.

# DISCOVERY

Except with regard to discovery necessary for claim construction, all other discovery is stayed until after the *Markman* hearing. Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant.

Following the *Markman* hearing, the following discovery limits will apply to this case. The Court will consider reasonable requests to increase these limits should circumstances warrant.

| Discovery | Default Order (Dkt. No. 26) | Parties' Agreed Modifications |
|---|---|---|
| Interrogatories | 30 per side | • 10 individual interrogatories to each party<br>• 20 joint interrogatories |
| Requests for Admission | 45 per side | • 10 individual requests for admission to each party<br>• 35 joint requests for admission |
| Requests for Production | 75 per side | No modification is requested. |
| Fact Depositions | 70 hours per side (for both party and non-party witnesses | No modification is requested. |

|  | combined) |  |
|---|---|---|
| Expert Depositions | 7 hours per report[1] | No modification is requested. |

**Electronically Stored Information**. As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause. If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search. The opposing party can oppose, or propose an alternate plan. If the parties cannot agree, they shall contact chambers to schedule a call with the Court to discuss their respective positions.

## DISCOVERY DISPUTES

A party may not file a Motion to Compel discovery unless: (1) lead counsel have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court (with opposing counsel) to arrange a telephone conference to summarize the dispute and the parties respective positions. After hearing from the parties, the Court will determine if further briefing is required.

## PROTECTIVE ORDER

Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information in this matter:

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).
>
> If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

## CLAIM CONSTRUCTION ISSUES

**Terms for Construction**. The Court does not have a specific limit on the number of asserted claims or claim terms to be construed; however, the Court encourages the parties to focus on their top ten claim terms in order of importance. In cases with an unusually large number of

---

[1] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

patents or asserted claims, the Court may revisit this topic and will be open to suggestions from the parties.

**Claim Construction Briefing**.  The Court will require simultaneous claim construction briefing.  Unless otherwise agreed by the parties, all simultaneous filings will take place at 5:00 p.m. CT.  Per the Court's ruling at the Case Management Conference on October 9, 2019, there is no predetermined page limit on briefs except as otherwise ordered by the Court.

**Conduct of the Markman Hearing**.  The Court intends to set aside one half day for the *Markman* hearing; however, the Court is open to reserving more or less time, depending on the complexity of the case and input from the parties.  The Court is open to the presentation of live technology tutorials when they may be of benefit.  The Court will consider the parties suggestions on the order of argument at the Markman hearing.  However, if the parties do not suggest a different procedure, the Court will allow the Plaintiff to pick the first term and then alternate by term.  As a general rule, if one side proposes "plain and ordinary meaning" as its construction or asserts that a term is indefinite, the other party shall go first.

## GENERAL ISSUES

1. The Court does not have a limit on the number of motions for summary judgment (MSJs).  Per the Court's ruling at the Case Management Conference on October 9, 2019, there is no predetermined page limit on briefs except as otherwise ordered by the Court.

2. The Court encourages the submission of briefs longer than 10 pages via audio file so that the Court can listen to the arguments.   The Court considers the submission of audio files particularly useful with regard to claim construction briefing. The recordings shall be made in a neutral fashion, citations and legal authority sections need not be read as part of the recording, and each such file shall be served on opposing counsel.  Counsel should contact chambers for procedures to submit audio files.

3. The Court will entertain reasonable requests to streamline the case schedule and discovery and encourages the parties to contact the Court (with opposing counsel) when such interaction might help streamline the case.

4. Per the Court's ruling at the Case Management Conference on October 9, 2019, Freshub shall narrow its asserted claims to no more than 60 claims by the deadline set in Appendix A.

5. Per the Court's ruling at the Case Management Conference on October 9, 2019, Defendants shall present no more than 90 invalidity positions.

Date: October 23, 2019

/s/ Barry K. Shelton
Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166

J. David Hadden, CSB No. 176148
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
Email: sshamilov@fenwick.com
Ravi R. Ranganath
rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
Email: vsalmastlian@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Fax: (650) 938-5200

*Attorneys for Defendants* Amazon.com, Inc., Amazon Digital Services LLC, Prime Now LLC, and Whole Foods Market Services, Inc.

Respectfully submitted,

/s/ John Palmer
John Palmer
Texas Bar No. 15430600
palmer@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Ave., Suite 800, P.O. Box 1470
Waco, TX 76703
Telephone: (254) 755-4100
Fax: (254) 754-6331

Paul J. Andre (*Pro Hac Vice*)
California Bar No. 196585
Lisa Kobialka (*Pro Hac Vice*)
California Bar No. 191404
James Hannah (*Pro Hac Vice*)
California Bar No. 237978
KRAMER LEVIN NAFTALIS
  & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiffs,*
Freshub, Inc. and Freshub, Ltd.

SO ORDERED, this _____ day of _____, 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

## APPENDIX A ‑ [PROPOSED] SCHEDULE

| Item | Default Deadline (Dkt. No. 26) | Parties' Agreed Deadline |
|---|---|---|
| Plaintiff serves preliminary infringement[2] contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. | 9/30/19<br><br>[7 business days before CMC] | Complete |
| Deadline for Motions to Transfer | 10/23/19<br><br>[2 weeks after CMC] | Complete |
| Freshub narrows asserted claims to no more than 60 claims. | N/A | 10/23/19 |
| Defendant serves preliminary invalidity contentions setting forth no more than 90 invalidity positions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, | 11/27/19<br><br>[7 weeks after CMC] | 12/11/19 |

---

[2] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so reasonably upon identifying any such material.  Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| | | |
|---|---|---|
| sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the prior two years, unless the parties agree to some other timeframe. | | |
| Parties exchange claim terms for construction. | 12/11/19<br><br>[9 weeks after CMC] | 12/20/19 |
| Parties exchange proposed claim constructions. | 12/25/19<br><br>[11 weeks after CMC] | 1/3/20 |
| Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefore.  A failure to summarize the potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony.  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. | 1/1/20<br><br>[12 weeks after CMC] | 1/10/20 |
| Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. | 1/8/20<br><br>[13 weeks after CMC] | 1/17/20 |
| Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. | 1/15/20<br><br>[14 weeks after CMC] | 1/24/20 |
| Parties file Responsive claim construction briefs. | 2/5/20 | 2/14/20 |

|  | [17 weeks after CMC] |  |
| --- | --- | --- |
| Parties file Reply claim construction briefs. | 2/19/20<br><br>[19 weeks after CMC] | 2/28/20 |
| Parties submit Joint Claim Construction Statement and consolidated briefing collated by Opening, Response, and Reply in Microsoft Word format.  Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. | 2/26/20<br><br>[20 weeks after CMC] | 3/6/20 |
| Markman Hearing | 3/27/20 at 9:00 am<br><br>[CMC Ruling] | No modification requested. |
| Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). | 4/3/20<br><br>[1 week after Markman hearing] | No modification requested. |
| Deadline to add parties. | 5/8/20<br><br>[6 weeks after Markman hearing] | No modification requested. |
| Deadline to serve Final Infringement and Invalidity Contentions. | 5/22/20<br><br>[8 weeks after Markman hearing] | No modification requested. |
| Deadline to amend pleadings.  A motion is not required unless the amendment adds patents or claims. | 6/19/20<br><br>[12 weeks after Markman hearing] | No modification requested. |
| Close of Fact Discovery. | 9/11/20<br><br>[24 weeks after Markman hearing] | No modification requested. |
| Opening Expert Reports. | 9/18/20<br><br>[25 weeks after Markman hearing] | No modification requested. |

| | | |
|---|---|---|
| Rebuttal Expert Reports. | 10/16/20<br><br>[29 weeks after Markman hearing] | No modification requested. |
| Close of Expert Discovery. | 11/6/20<br><br>[32 weeks after Markman hearing] | No modification requested. |
| Deadline to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue.  The parties shall file a report within 5 business days regarding the results of the meet and confer. | 11/13/20<br><br>[33 weeks after Markman hearing] | No modification requested. |
| Dispositive motion deadline and *Daubert* motion deadline. | 11/20/20<br><br>[34 weeks after Markman hearing] | No modification requested. |
| Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). | 12/4/20<br><br>[36 weeks after Markman hearing] | No modification requested. |
| Serve objections to pretrial disclosures/rebuttal disclosures. | 12/18/20<br><br>[38 weeks after Markman hearing] | No modification requested. |
| Serve objections to rebuttal disclosures and **File** Motions *in limine*. | 12/25/20<br><br>[39 weeks after Markman hearing] | 1/8/20 |
| File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. | 1/1/21<br><br>[40 weeks after Markman hearing] | 1/15/20 |
| Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. | 1/8/21<br><br>[41 weeks after Markman hearing] | 1/22/20 |

| | | |
|---|---|---|
| File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. | 1/19/21<br><br>[3 business days before Final Pretrial Conference] | 2/2/20 |
| Final Pretrial Conference. The Court expects to set the Pretrial Conference within 2-4 weeks of the trial date. | 1/22/21<br><br>[43 weeks after Markman hearing (or as soon as practicable)] | 2/5/20, subject to the Court's availability |
| Jury Selection/Trial. The Court expects to set this date at the conclusion of the *Markman* Hearing. | 1/29/21 +<br><br>[44-47 weeks after Markman hearing (or as soon as practicable)] | 3/15/20, subject to the Court's availability[3] |

---

[3] Due to conflicts with other trials, counsel for Freshub is not available for trial in this matter during the range of dates proposed by the Court's default deadlines. Counsel for Freshub's first availability thereafter is March 15, 2021, and counsel for Defendants is also available then and amenable to the modification.