UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation, AMAZON DIGITAL SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 1:19-CV-00885-ADA<br><br>JUDGE ALBRIGHT<br><br>**Jury Trial Demanded** |

**STIPULATED ORDER REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION ("ESI")**

Counsel for Plaintiffs Freshub, Inc. and Freshub, Ltd. (collectively, "Freshub") and for Defendants Amazon.com, Inc., Amazon.com Services LLC (formerly Amazon Digital Services, LLC), Prime Now, LLC, and Whole Foods Market Services, Inc. (collectively "Defendants") (collectively the "parties," and individually a "party") submit this Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI") in the above-captioned action.  Except as expressly stated, nothing in this Stipulated Order affects the parties' discovery obligations under the Federal Rules or Local Rules of this Court, or the rights of any party to seek additional discovery as necessary.  This stipulated Order may be modified by agreement between the parties or by the Court for good cause shown.

1. <u>Purpose</u>. The purpose of this Order is to streamline ESI production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil

Procedure 1.  To the extent this Order imposes limitations on discovery otherwise available under the Federal Rules of Civil Procedure, the parties have agreed to such limitations.  The fact that the parties have agreed to this Order shall not be deemed an acknowledgement that any information excluded from discovery by this Order would or would not be discoverable in the absence of this Order.  Nothing in this Order shall waive in whole or in part any objection raised by a party in its written responses to specific discovery requests served in this action.

2. <u>Format of Production</u>.  The parties agree that all documents shall be produced electronically in single-page TIFF images, with a footer including a sequentially ascending Bates number and confidentiality designation.  Documents shall be produced with load files that (i) shall denote document breaks, (ii) shall contain extracted text if available or otherwise text that is searchable, and (iii) shall contain agreed-upon metadata fields as set forth in Paragraphs 3 and 5(g), if reasonably available. Excel files and other files that do not easily convert to single-page TIFF format, such as audio or video files, may be produced natively.  Similarly, a party may make a reasonable request to receive specific documents in their native format, and upon receipt of such a request, the producing party shall produce the document in its native format, absent good cause not to comply with the request. The parties agree to produce ESI on CD, DVD, hard drive, by FTP, or other such common media for storing electronic data.  The parties shall meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document review tool.

3. <u>Metadata.</u>  For TIFF images and native files, the parties will produce at least the following metadata fields if reasonably available: Bates First, Bates Last, Document Type, File Extension, Date Created, Author, File Name, Custodian, Text Field, Native Link (populated for files produced natively), and metadata sufficient to show parent-child relationships (i.e., associations between attachments and parent documents).  Production of metadata beyond these metadata fields shall be made at the discretion of the producing party.  However, nothing in this Order requires the parties to create or supply metadata that is not maintained in the usual course

of business, and the parties are not required to preserve metadata fields that are frequently updated in the ordinary course of business, such as last-opened dates.

4. <u>Preservation of Discoverable Information</u>.  The parties and their counsel shall take reasonable measures to identify, retain, and preserve all sources of ESI in their possession, custody, or control, that contain data, files, and communications relevant to the claims and defenses in the action, from all reasonably accessible sources.   The parties are not required to preserve information from data sources that are not reasonably accessible.  The parties have notified users of relevant computer equipment or the relevant data, files, and communications of the immediate need to preserve all existing and relevant data, files, and communications.

5. <u>Not Reasonably Accessible Sources of ESI</u>. The parties agree that the following sources of ESI are not reasonably accessible, and absent a showing of good cause and particularized need, need not be restored, collected, searched, or produced from: backup tapes and other materials retained for backup or disaster recovery purposes (e.g., enterprise email and PC backups), to the extent the materials have not been previously recovered; voicemail and other audio; video; instant messaging; residual, fragmented, temporary, cached, damaged, permanently deleted, and/or unallocated data; and handheld PDA-type devices and smartphones such as BlackBerrys or iPhones.

6. <u>Searching Email</u>.

   (a) The parties agree that electronic messages and attachments associated with electronic mail (collectively "Email") shall be searched separately from other electronically stored documents using separately designated custodians, with separately designated search terms and time frames for each custodian.

   (b) The parties agree to limit the number of custodians whose Email will be searched to a combined total of seven (7) custodians from Freshub, and seven (7) custodians, collectively, from Defendants. The parties may jointly agree to modify these limits without the Court's leave. This

provision is without prejudice to a receiving party's ability to request email production from additional custodians upon a showing of good cause.

(c) On or before September 30, 2020, the parties shall identify to each other, in writing, the name and job title of the relevant number of their own custodians likely to have the greatest amount of responsive ESI and/or Email.  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms and custodians searched to the requesting party.  If the producing party elects to search for potentially responsive ESI by searching ESI metadata, it shall disclose to the requesting party the general method and parameters used, and the custodians searched.

(d) Within seven (7) days of exchanging proposed custodians and search terms, the parties shall meet and confer in good faith regarding the custodians and search terms in order to reach agreement on the custodian and search term lists for each side.  Two days prior to this meet and confer, a requesting party may request no more than 10 additional search terms overall to be used in connection with the electronic search.

(e) A party need not use any search term proposed or requested by the opposing party that returns a disproportionate number of non-responsive documents.  If a search term yields a disproportionate number of non-responsive documents, the parties agree to work together in good faith to revise the term so as to not yield a disproportionate number of non-responsive documents.  A party need not be limited to the agreed-upon search terms in producing Email.

(f) When conferring regarding search terms, the parties shall tailor search terms narrowly to particular issues.  Indiscriminate terms, such as the

    producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

 (g) In addition to metadata required by paragraph 3, *supra,* Email shall be produced with the following metadata fields, if available: date sent, time sent, date received, time received, to, from, cc, bcc, and subject.

 (h) Attachments to emails should be produced with Bates numbers following those of the emails to which they were attached.

 (i) The parties need only produce the most inclusive email in a thread as long as the excluded emails including any attachments are entirely duplicated within the inclusive email being produced. If email threads contain numerous branches, all branches must be produced.

 7. <u>Search Methodology</u>. Nothing in this Stipulated Order requires a party to apply search terms to non-Email ESI where such party is able to search for and produce reasonably accessible ESI relevant to any claim or defense in the action without use of such terms.  Nothing in this order precludes a producing party from reviewing the results of any search (including Email) for privilege and responsiveness before production.

 8. <u>Highly Confidential Information</u>.  Recognizing that the above procedures may not be suited for production and review of highly confidential information which may be relevant to

this action, including source code, the parties agree to implement special production and handling procedures to be memorialized in a Stipulated Protective Order.

9. <u>Inadvertent or Mistaken Production of Privileged Information</u>. Pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502(d), the inadvertent or mistaken production of a privileged or work-product-protected ESI is not a waiver in any proceeding. The provisions of the Protective Order regarding inadvertent production of documents in this action shall apply equally to ESI. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose. Further, the parties agree that performing keyword searches as a privilege screen prior to production of documents constitutes "reasonable steps to prevent disclosure" as that term is used in Federal Rule of Evidence 502(b).

10. <u>Privilege Log.</u> The parties agree that, unless for good cause shown, neither party is required to log any privileged documents that are dated following the filing of the complaint in this action.

11. <u>Cooperation.</u> The parties agree that, to the extent that one party believes that a request for ESI is overly broad or unduly burdensome in terms of cost or inaccessibility, the other party will consider reasonable requests for narrowing or modifying its ESI requests and/or sharing in the cost of such ESI discovery.

**So ORDERED and SIGNED this _____ day of _____, 2020.**

ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED TO:

| | |
|---|---|
| Dated:  September 21, 2020 | Respectfully submitted, |

| | |
|---|---|
| */s/ Barry K. Shelton* | */s/ John Palmer* |
| Barry K. Shelton (TX Bar #24055029) | John Palmer |
| bshelton@sheltoncoburn.com | Texas Bar No. 15430600 |
| SHELTON COBURN LLP | palmer@namanhowell.com |
| 311 RR 620 S, Suite 205 | NAMAN HOWELL SMITH & LEE PLLC |
| Austin, TX 78734 | 400 Austin Ave., Suite 800, P.O. Box 1470 |
| Telephone:  (512) 263-2165 | Waco, TX 76703 |
| Fax:  (512) 263-2166 | Telephone:  (254) 755-4100 |
| | Fax:  (254) 754-6331 |
| J. David Hadden, CSB No. 176148 | Paul J. Andre (*Pro Hac Vice*) |
| Email:  dhadden@fenwick.com | California Bar No. 196585 |
| Saina S. Shamilov, CSB No. 215636 | Lisa Kobialka (*Pro Hac Vice*) |
| Email:  sshamilov@fenwick.com | California Bar No. 191404 |
| Ravi R. Ranganath, CSB No. 272981 | James Hannah (*Pro Hac Vice*) |
| Email:  rranganath@fenwick.com | California Bar No. 237978 |
| Vigen Salmastlian, CSB No. 276846 | KRAMER LEVIN NAFTALIS |
| Email:  vsalmastlian@fenwick.com | &   FRANKEL LLP |
| Allen Wang, CSB No. 278953 | 990 Marsh Road Menlo Park, CA 94025 |
| Email:  allen.wang@fenwick.com | Telephone: (650) 752-1700 |
| FENWICK & WEST LLP | pandre@kramerlevin.com |
| Silicon Valley Center | lkobialka@kramerlevin.com |
| 801 California Street | jhannah@kramerlevin.com |
| Mountain View, CA 94041 | |
| Telephone: (650) 988-8500 | |
| Fax: (650) 938-5200 | |
| | |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs,* |
| Amazon.com, Inc., Amazon Digital Services LLC, Prime Now LLC, and Whole Foods Market Services, Inc. | Freshub, Inc. and Freshub, Ltd. |