**FILED UNDER SEAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation,<br><br>Defendants. | Case No. 1:19-CV-00885-ADA |

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY
OF PLAINTIFFS' TECHNICAL EXPERT DR. ERIC COLE**

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION --------------------------------------------------------------------------------- 1

II. FACTUAL BACKGROUND ------------------------------------------------------------------- 2

    A. Dr. Cole's Expert Report ------------------------------------------------------------ 2

        1. Dr. Cole's willfulness opinion (pars. 34-58) --------------------------------- 2

        2. Dr. Cole's valuation opinion (pars. 59-61) ---------------------------------- 4

        3. Dr. Cole's extraneous privacy opinion (pars. 29-33) ------------------------ 5

III. LEGAL STANDARD -------------------------------------------------------------------------- 6

IV. ARGUMENT ---------------------------------------------------------------------------------- 6

    A. The Court Should Exclude Dr. Cole's Testimony and Opinions Regarding Defendants' Interactions with Freshub and Non-Parties Ikan and Nucleus (Pars. 34-58). ------------------------------------------------ 6

        1. Dr. Cole lacks expert qualifications to opine regarding a "reasonable company's approach to a partnership or licensing opportunity." ------------------------------------------------------------------ 7

        2. Dr. Cole's "reasonable company" standards are irrelevant to willfulness or any other issues in this case. -------------------------------- 7

        3. Dr. Cole's speculation about Defendants' knowledge and intent is also impermissible under Rule 702. ------------------------------------- 8

        4. Dr. Cole's opinions about Defendants' encounters with Ikan and Freshub are irrelevant and intended confuse the jury. ------------------- 8

        5. Dr. Cole's opinion regarding Amazon's dispute with Nucleus is also improper, irrelevant, and unfairly prejudicial. ----------------------- 9

    B. The Court Should Exclude Dr. Cole's Testimony and Opinions Regarding the Value of the Alexa Platform (Pars. 59-61). -------------------------- 9

    C. The Court Should Exclude Dr. Cole's Alexa Platform Opinion (pars. 29-33). ------------------------------------------------------------------------------ 10

V. CONCLUSION --------------------------------------------------------------------------------- 10

**FILED UNDER SEAL**

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Curtis v. M & S Petroleum, Inc.*,
   174 F.3d 661 (5th Cir. 1999) ............................................................................. 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ............................................................................ 1, 6, 7, 10

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
   No. 13-cv-03999-BLF, 2015 WL 4272870 (N.D. Cal. July 14, 2015) .......... 7, 8

*Finjan, Inc. v. Cisco Sys. Inc.*,
   No. 17-cv-00072-BLF, Dkt. No. 555 (N.D. Cal. Apr. 21, 2020) .................. 7, 8

*Finjan, Inc. v. ESET, LLC*,
   No.: 17-cv-183-CAB-BGS, 2019 WL 5212394 (S.D. Cal. Oct. 16, 2019) .... 7, 8

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ....................................................................................... 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ..................................................................................... 8

*Horizon Shipbuilding Inc. v. Blyn II Holding LLC*,
   No. C-12-60, 2012 WL 2911918 (S.D. Tex. July 16, 2012) ........................... 8

*Ormco Corp. v. Align Tech., Inc.*,
   No. SACV 03-16-CAS, 2009 WL 10668458 (C.D. Cal. May 9, 2009) .......... 9

**RULES**

Fed. R. Evid. 402 ................................................................................................ 1, 10

Fed. R. Evid. 403 ................................................................................................ 1, 10

Fed. R. Evid. 406 ..................................................................................................... 9

Fed. R. Evid. 702 .............................................................................................*passim*

Fed. R. Evid. 702(b) .............................................................................................. 10

Fed. R. Evid. 702(c) .............................................................................................. 10

FILED UNDER SEAL

I.   INTRODUCTION

Pursuant to Federal Rules of Evidence 702, 402, and 403 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Defendants Amazon.com, Inc., Amazon.com Services LLC, Prime Now LLC, and Whole Foods Market, Inc. ("Defendants") move to exclude portions (pars. 29-61) of the opinion and testimony set forth in the Expert Report of Dr. Eric Cole.

*First*, the Court should exclude Dr. Cole's thinly disguised willfulness opinion set forth in paragraphs 34-58 of his report.  In this section, Dr. Cole characterizes pre-suit contacts that Defendants had with non-party Ikan and Plaintiff Freshub, invents a "reasonable company" standard of due diligence, and speculates about Amazon's diligence and subjective intent.  Dr. Cole—a "cybersecurity expert"—lacks qualifications to proffer these opinions, ignores the relevant legal standard for willful infringement, and engages in impermissible speculation about what Amazon may have thought or did.  Dr. Cole's opinions are also irrelevant and misleading to the jury because neither Ikan nor Freshub had rights in the asserted patents when these contacts took place.  His opinions are not grounded in "scientific, technical, or other specialized knowledge [that] will help the trier of fact," nor are they "based on sufficient facts or data."

*Second*, the Court should exclude Dr. Cole from presenting marketing and economic testimony regarding the "value of the infringing technology" set forth in paragraphs 59-61 of his report.  Dr. Cole lacks qualifications to opine about the value of accused products or the commercial and economic impact of the alleged infringing features in the accused products.  Nor are his opinions based on "sufficient facts or data" or "the product of reliable principles or methods," because Dr. Cole simply pulls these figures from a couple of Amazon documents without explaining the analysis (other than his "feelings") that resulted in his conclusions.

*Third*, the Court should exclude Dr. Cole from presenting irrelevant, inflammatory testimony set forth in paragraphs 29-33 of his report.  In this section, Dr. Cole purports to explain how Amazon apps for iOS and Android smartphone systems work, without citing any technical

1

documents. Then he makes several assertions unrelated to the claims at issue suggesting that Amazon spies on its users and violates their privacy. These gratuitous assertions are irrelevant, unfairly prejudicial, and unhelpful to the jury to understand the evidence or determine facts at issue.

Accordingly, Amazon requests that the Court exclude Dr. Cole from presenting these opinions at trial and Freshub's other experts from relying on those opinions.

## II.     FACTUAL BACKGROUND

### A.     Dr. Cole's Expert Report

Dr. Cole's February 9, 2021 report is one of seven expert reports Freshub served during expert discovery. In his CV, Dr. Cole describes himself as a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Declaration of Ravi R. Ranganath ("Ranganath Decl."), Ex. A, Expert Report of Dr. Eric Cole (hereinafter, "Cole Report"), Appendix A.) He holds a bachelor's degree and master's degree in computer science and a doctorate in network security. (*Id.*)

#### 1.     Dr. Cole's willfulness opinion (pars. 34-58)

In Section VII (Background of Freshub and Ikan's History with Amazon), Dr. Cole purports to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*, ¶ 34.) Dr. Cole lacks an academic or professional background in business ethics and opines based solely from his personal work experience as a technology worker in the public and private sector. (*Id.*, ¶¶ 35-39; *see also* Ranganath Decl., Ex. B ("Cole Dep. Tr.") at 11:20-13:17.)

Dr. Cole proffers several opinions about what he thinks Amazon knew and believed and what a "reasonable company" would do in similar circumstances. (Cole Report, ¶¶ 34-58.) First,

2

he speculates that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Cole Report, ¶ 40.)  He makes this assertion notwithstanding that Amazon's purported "evaluation" of each company's technology occurred before that respective company possessed any rights in the patents-in-suit.  The Patent Office did not issue the patents-in-suit to Ikan until 2018 and 2019 respectively (Dkt. 30, ¶¶ 15, 18, 21, 24) – more than 7 years after Amazon's contact with Ikan in 2010.  (Cole Report, ¶¶ 46-48.)  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*Id.*, ¶¶ 52-53, 56.)  Ikan did not assign the patents-in-suit to Freshub until later, on May 14, 2019, and Ikan did not record the assignment with the Patent Office until June 24, 2019, the same day Freshub filed this lawsuit.  (Ranganath Decl., Ex. C (FRESHUB 004725-4727); Dkt. 1.)



▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Cole Report, ¶ 48.)  He conceded at his deposition, though, that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Dr. Cole next points to Amazon's development of Echo in late 2011 or early 2012 through 2015 and opines that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Cole Report, ¶ 49.)  However, not only was this development several years before Ikan filed the applications that issued as the patents-in-suit, but the parent '291 application went abandoned during that period.  (Ranganath Decl., Ex. D (2012

3

**FILED UNDER SEAL**

Notice of Abandonment) & Ex. E. (2017 Petition for Revival).) ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

Next, Dr. Cole identifies ███████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ Dr. Cole then

opines that █████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████ Dr. Cole's analysis ignores that Amazon or Whole Foods would not have discovered that Freshub had rights in the patents-in-suit when those contacts occurred because Freshub had not yet been assigned the patents, much less recorded the assignments with the Patent Office.  (Cole Report, ¶¶ 51-56; *see also* ██████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████

Dr. Cole concludes his willfulness opinion by pointing to ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████ He opines that ██████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ (*Id.*, ¶ 57.)

    **2.**    **Dr. Cole's valuation opinion (pars. 59-61)**

In Section VIII (Overview of the Accused Products), Dr. Cole opines about the "value of the Alexa Platform," despite lacking advanced education and formal experience in economics,

4

accounting, marketing, or similar academic or professional disciplines. (*Id.*, ¶¶ 59-61 & Appendix A; Cole Dep. Tr. at 11:14-12:5, 107:23-108:12.)  First, he opines without citing any documents or testimony, that ███████████████████████████████████████████████████████

███████████████████████████████████████ (Cole Report, ¶ 59.)  He opines, without analysis, that ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████ Then citing just two Amazon documents and the testimony of an Amazon witness, Dr. Cole asserts: ████████████████████████████████████████

████████████████████████████████████████ At his deposition, Dr. Cole ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ (Cole Dep. Tr. at 109:8-111:24.)

In the next paragraph, citing a single Amazon document and some deposition testimony, Dr. Cole opines that █████████████████████████████████████████████

████████████████████████████████████████████████████████████████████ However, Dr. Cole's report includes no explanation how he arrived at this number, including how he defined "infringing technology" or calculated this dollar amount.  (*See id.*)  ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████

3.   **Dr. Cole's extraneous privacy opinion (pars. 29-33)**

In paragraphs 29-33 of his report, a sub-section entitled ████████████████████

████████████████████ Dr. Cole's "overview" consists of several assertions regarding ████████

████████████████████████████████████████████████████████████████ He asserts that

5



## III. LEGAL STANDARD

District judges must act as "gatekeepers" to ensure that proposed expert testimony "rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. A witness qualified as an expert may testify if: the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; the testimony is based in sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. Non-relevant expert testimony should be excluded under Rule 702 because it is "non-helpful." *Daubert*, 509 U.S. at 591.

## IV. ARGUMENT

### A. The Court Should Exclude Dr. Cole's Testimony and Opinions Regarding Defendants' Interactions with Freshub and Non-Parties Ikan and Nucleus (Pars. 34-58).

Dr. Cole's "background" discussion of Amazon's contacts with Ikan in 2010 and Whole Foods' and Amazon's contacts with Freshub between 2014 and 2019 is a thinly-veiled willfulness opinion inappropriate for expert testimony. (*See* Cole Report at ¶¶ 34-57.) Courts have repeatedly excluded similar willfulness opinions by Dr. Cole. *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, Dkt. No. 555 at 3-4 (N.D. Cal. Apr. 21, 2020) (excluding Dr. Cole's willfulness opinion consisting of a "high-level timeline of the relationship and communications between the parties"); *Finjan, Inc. v. ESET, LLC*, No.: 17-cv-183-CAB-BGS, 2019 WL 5212394, at *4-5 (S.D.

**FILED UNDER SEAL**

Cal. Oct. 16, 2019) (excluding similar willfulness opinion by Dr. Cole where he improperly proffered a "standard of care in the industry"); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 4272870, at *3 (N.D. Cal. July 14, 2015) (excluding Dr. Cole's opinions regarding defendants' subjective beliefs about the patents-in-suit). The Court should exclude Dr. Cole's willfulness opinion here for similar reasons. Dr. Cole is unqualified as an expert to present this opinion, and his testimony is neither "based on sufficient facts or data" nor grounded in "scientific, technical, or other specialized knowledge [that] will help the trier of fact that will help the trier of fact to understand the evidence or to determine a fact in issue." Fed R. Evid. 702.

### 1. Dr. Cole lacks expert qualifications to opine regarding a "reasonable company's approach to a partnership or licensing opportunity."

Dr. Cole is unqualified to testify as expert regarding "reasonable business" behavior with respect to IP due diligence and licensing. He lacks education or background in business ethics. (*See* Cole Report, Appendix A; Cole Dep. Tr. at 11:20-15:14.) Nor does Dr. Cole have experience working with or consulting for a large enough sample size of technology firms to have broad enough perspective on industry-wide business practices. (*Id.*) His experience as a tech worker for the government and at three companies fails to qualify him to opine as an expert regarding a "reasonable company's" IP diligence activity.

### 2. Dr. Cole's "reasonable company" standards are irrelevant to willfulness or any other issues in this case.

Dr. Cole's opinions regarding what he believes a reasonable company would do after ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Cole Report, ¶¶ 34, 41, 48, 49, 56) are irrelevant, and thus unhelpful, to a trier of fact. *Daubert*, 509 U.S. at 591. Dr. Cole incorrectly suggests that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ To the contrary, the Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016) abrogated previous case law that willfulness required a finding of objective recklessness—i.e., failure to satisfy an objective standard of care. Post-*Halo*, only a

7

defendant's *subjective willfulness* (i.e., intentional or knowing infringement) is relevant. Thus, Dr. Cole's proffered "reasonable company" standard is irrelevant to subjective willfulness. The district court in *ESET* excluded Dr. Cole's similar "standard of care" opinion because "his opinion [erroneously] suggests that there is duty to investigate a competitor's portfolio rather than a duty to determine if a known patent is infringed." 2019 WL 5212394, at *4-5. This Court should follow suit and exclude Dr. Cole's erroneous standard of care opinion here, as well.

      **3.**      **Dr. Cole's speculation about Defendants' knowledge and intent is also impermissible under Rule 702.**

Dr. Cole's speculative opinions about Amazon's knowledge and beliefs are also improper and should be excluded—including his opinions that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "An expert's speculation is not evidence," and the Court should not allow Dr. Cole to present it. *Horizon Shipbuilding Inc. v. Blyn II Holding LLC*, No. C-12-60, 2012 WL 2911918, at *10 (S.D. Tex. July 16, 2012); *see also Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (expert opinion must be "grounded in the methods and procedures of science and must be more than unsupported speculation or subjective belief"). Indeed, courts have excluded Dr. Cole's speculative testimony on this ground alone. *See Cisco*, No. 17-cv-00072-BLF, Dkt. No. 555 at 3 (excluding Dr. Cole's "speculative testimony regarding Cisco's knowledge [as] impermissible and not within the purview of technical experts"); *Blue Coat*, 2015 WL 4272870, at *3 (N.D. Cal. July 14, 2015) (excluding Drs. Cole from testifying on "Defendants' subjective beliefs"). This Court should also exclude Dr. Cole's speculative opinions.

      **4.**      **Dr. Cole's opinions about Defendants' encounters with Ikan and Freshub are irrelevant and intended confuse the jury.**

The Court should also exclude as irrelevant, and thus unhelpful, Dr. Cole's opinions suggesting that as a "reasonable company," Defendants would have ▮▮▮▮▮▮▮▮▮▮▮

8

**FILED UNDER SEAL**

████████████████████████████████████████████████████ Ikan and Freshub possessed no such rights, so Defendants had nothing to discover. ████████

████████████████████████████████████████████████████████████████████████

████████████ (Cole Report, ¶¶ 46-48; Dkt. 30, ¶¶ 15, 18, 21, 24.) ████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ (Cole Report, ¶¶ 51-56; Ranganath Decl., Ex. C.) Also, ████████████████████████████ before the patents-in-suit issued and when the parent application went abandoned. (Cole Report, ¶ 49; Ranganath Decl., Exs. D, E.) And Freshub did not record the assignments of the patents-in-suit until *after* filing this lawsuit. (*Id.*, Ex. C; Dkt. 1.) Dr. Cole's "reasonable company" opinions that he intends to proffer at trial are an irrelevant sideshow intended to confuse the jury into believing Amazon failed to inquire about patent rights when, in fact, no such rights existed for the relevant patents.

      **5.**    **Dr. Cole's opinion regarding Amazon's dispute with Nucleus is also improper, irrelevant, and unfairly prejudicial.**

The Court should also exclude Dr. Cole's opinion suggesting that Amazon's business practice is to ████████████████████████████████████████████████████████████ ████████████████████████████████████████ bears no relationship to this lawsuit and is thus irrelevant. *See Ormco Corp. v. Align Tech., Inc.*, No. SACV 03-16-CAS, 2009 WL 10668458, at *2 (C.D. Cal. May 9, 2009) (excluding reference to other infringement as irrelevant and insufficient to constitute "habit" evidence under FRE 406). Moreover, Dr. Cole's gratuitous opinion is not "expert testimony," is irrelevant to the issues of the case, and unfairly prejudicial to Amazon. *See* Fed. R. Evid. 402, 403, 702.

      **B.**    **The Court Should Exclude Dr. Cole's Testimony and Opinions Regarding the Value of the Alexa Platform (Pars. 59-61).**

The Court should also exclude Dr. Cole's opinions regarding "the value of the Alexa Platform," that the ████████████████████████████████

9

**FILED UNDER SEAL**

 Dr. Cole is unqualified to testify as an expert on these issues because he lacks documented education, training, or experience in the relevant fields of economics, accounting, marketing, or related disciplines. (*Id.*, Appendix A; Cole Dep. Tr. at 11:14-12:5, 107:23-108:12.) Further, Dr. Cole's opinions are not "based on sufficient facts or data," or "the product of reliable principles and methods." Fed. R. Evid. 702(b), (c). Dr. Cole fails to cite any documents or testimony for his opinion regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Because his conclusions are simply the product of his "feelings," and "connected to existing data only by the *ipse dixit* of [Dr. Cole]," the Court should exclude these valuation opinions. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

        **C.**    **The Court Should Exclude Dr. Cole's Alexa Platform Opinion (pars. 29-33).**

The Court should also exclude Dr. Cole from proffering testimony from paragraphs 29-33 of his report regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The claims at issue are directed to whether Amazon's Alexa-enabled devices and Apps voice shopping features infringe the patents-in-suits—*not* ▇▇▇▇▇▇▇▇ (*See* Dkt. 30, ¶¶ 46, 66, 97, 126.) These opinions are irrelevant, and thus "non-helpful," under Rule 702 and are unfairly prejudicial under Rule 403. (Cole Report, ¶¶ 31-33); *Daubert*, 509 U.S. at 591.

**V.**    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court exclude Dr. Cole's opinions and testimony set forth in paragraphs 29-61 of his report and also exclude other Freshub expert witnesses from relying on these opinions.

**FILED UNDER SEAL**

| | |
|---|---|
| Dated: April 2, 2021 | Respectfully submitted, |

| | |
|---|---|
| *Of Counsel:* | */s/ Ravi R. Ranganath* |
| | J. David Hadden, CSB No. 176148 |
| Barry K. Shelton (TX Bar #24055029) | dhadden@fenwick.com |
| bshelton@sheltoncoburn.com | Saina S. Shamilov, CSB No. 215636 |
| SHELTON COBURN LLP | sshamilov@fenwick.com |
| 311 RR 620 S, Suite 205 | Ravi R. Ranganath, CSB No. 272981 |
| Austin, TX 78734 | rranganath@fenwick.com |
| Tel: (512) 263-2165 | Vigen Salmastlian, CSB No. 276846 |
| Fax: (512) 263-2166 | vsalmastlian@fenwick.com |
| | Eric B. Young, CSB No. 318754 |
| Deron R. Dacus (TX Bar #00790553) | eyoung@fenwick.com |
| ddacus@dacusfirm.com | Allen Wang, CSB No. 278953 |
| THE DACUS FIRM, P.C. | allen.wang@fenwick.com |
| 821 ESE Loop 323, Suite 430 | **FENWICK & WEST LLP** |
| Tyler, TX 75701 | 801 California Street |
| Tel: (903) 705-1117 | Mountain View, CA  94041 |
| Fax: (903) 581-2543 | Telephone:  650.988.8500 |
| | Facsimile:  650.938.5200 |
| | |
| | *Counsel for Defendants* |
| | *AMAZON.COM, INC., AMAZON.COM* |
| | *SERVICES LLC, PRIME NOW, LLC, and* |
| | *WHOLE FOODS MARKET SERVICES, INC.* |

**FILED UNDER SEAL**

**CERTIFICATE OF SERVICE**

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

*/s/ Ravi R. Ranganath*
Ravi R. Ranganath
