# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> AMAZON.COM INC., a Delaware Corporation, AMAZON DIGITAL SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § Case No.: 6:21-CV-00511-ADA |

## **ORDER REGARDING MOTIONS *IN LIMINE***

Before the Court are Plaintiffs' Motions *in Limine* (ECF Nos. 180, 181) and Defendants'

Motions *in Limine* (ECF No. 178). Having reviewed the motions, the submissions related

thereto, and the arguments of counsel, and for good cause shown, the Motions *in Limine* are

resolved as follows:

| Freshub's MIL 1.1 (Non-Infringing Alternatives and Design-Arounds) | Granted. |
|---|---|
| Freshub's MIL 1.2 (Discussion of Defendants' Patents) | Denied, but Amazon cannot argue they do not infringe because they have patents. |
| Freshub's MIL 1.3 (Freshub's Experts' Prior Retentions with Counsel and Prior Court Rulings or Verdicts Involving Freshub's Experts' Opinions in Other Litigations) | Denied as to prior retentions with counsel; parties must approach before asking about prior Court rulings. |
| Freshub's MIL 1.4 (Defendants' "Keyword Sales" Category of GMS Data, or Any | Granted. Parties must approach before there are questions put to an expert that may elicit |

1

| Description or Summary Thereof) | testimony regarding keyword sales. |
|---|---|
| Freshub's MIL 2.1 (Defendants' Alleged Inequitable Conduct Defense) | Granted. But if there is an independent reason that evidence relevant to inequitable conduct would come in (*e.g.*, it goes to an argument regarding written description), such evidence is not excluded. |
| Freshub's MIL 2.2 (Reference to Absence of Testimony from Non-Party Named Inventors) | Granted in part as to 3 inventors in Brazil. Denied with respect to Mr. Douer. |
| Freshub's MIL 2.3 (Freshub's Filing Date of the Continuation Applications) | Denied. |
| Freshub's MIL 2.4 (Characterization of the Asserted Patents as "Refrigerator" Patents) | Defendants agree not to refer to Asserted Patents as Refrigerator Patents; Denied as to parent '344 patent and '291 application. |
| Defendants' MIL 1 (Amazon's Total Profits) | Granted, except that if Defendants open the door via testimony from Mr. Bakewell that Amazon is not profitable or loses money on the devices or the like, Freshub can cross as to total profits and/or overall financial success and/or re-call Mr. Reading to address any such testimony by Mr. Bakewell. |
| Defendants' MIL 2 (Reference to Stealing or Trespass by Defendants) | Granted as to "stealing;" Denied as to "Trespass." |
| Defendants' MIL 3 (Reference to non-instituted IPRs) | Granted. |
| Defendants' MIL 4 (Reference to Alexa Privacy Issues, or Any Suggestion that Amazon is Recording or Spying on Its Customers) | Granted. |
| Defendants' MIL 5 (Dr. Cole's Irrelevant Opinion Regarding Alexa's Recording of User Utterances) | Moot based on Court's resolution of *Daubert* motion. |
| Defendants' MIL 6 (Reference to Whole Foods, Including Any Pre-Suit Meetings Between Plaintiffs/Ikan and Whole Foods) | Reserved. |
| Defendants' MIL 7 (Relative Size of the Parties) | Denied. But the parties are to refrain from unnecessary insinuation regarding relative size of the parties beyond what is necessary to provide context for the hypothetical negotiation (*e.g.*, no discussion of Amazon's ability to pay for lawyers). |

- 3 -

| Defendants' MIL 8 (Reference to Presumption of Patent Validity) | Denied. |

SIGNED this 13th day of June, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE