UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation, <br><br> Defendants. | Case No. 6:21-CV-00511-ADA |

**DEFENDANTS' OPPOSITION TO MOTION FOR
JUDGMENT ON PARTIAL FINDINGS**

Defendants Amazon.com, Inc., Amazon.com Services LLC, Prime Now, LLC, and Whole Foods Market Services, Inc. (collectively, "Amazon") object to Plaintiffs' Motion for Judgment on Partial Findings Pursuant to Fed. R. Civ. Proc. 52(c). (Dkt. 256.) Plaintiffs' motion is untimely, as such a motion must be made *during* the bench trial. Fed. R. Civ. P. 52(c); *see also Ritchie v. United States*, 451 F.3d 1019, 1023 (9th Cir. 2006) ("a motion for judgment on partial findings under Rule 52(c) may be made only during a bench trial"). The Court completed the bench trial and took the issue of inequitable conduct under submission before Plaintiffs filed. (*See* Dkt. 244.)

More important, Plaintiffs in their motion expressly relied on *documents withheld under a claim of privilege* as evidence in support of their position. (Dkt. 256 at 9.) Specifically, they argue that the communications identified on the Knobbe privilege log "support[] that Mr. Weiss properly investigated before filing the revival petition," asking the Court to infer those communications

reflect Mr. Weiss performing such an investigation.  But this is improper:  Plaintiffs cannot withhold documents as privileged[1] while at the same time asserting their withheld contents as evidence in the case.  *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citing *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir. 1991)).  Doing so effects a subject matter waiver of the privilege.  *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010); *see also In re EchoStar Commc'ns Corp.,* 448 F.3d 1294, 1301 (Fed. Cir. 2006); Fed. R. Evid. 106 (rule of completeness).

To the extent the Court is otherwise inclined to rule in Plaintiffs' favor on the inequitable conduct issue, then, it must first order Plaintiffs to produce the withheld communications concerning the abandonment and revival of the '291 application and re-open the bench trial to allow Amazon to present those communications as evidence.  Anything less would severely prejudice Amazon and introduce a reversible error.

Amazon responds to Plaintiffs' remaining arguments as follows:

- Plaintiffs argue that Mr. Weiss's knowledge that Ikan abandoned the application, and his later intent to deceive the Patent Office with respect to that fact, do not matter because he is not the "applicant."  (Dkt. 256 at 3-4, 7-8.)  But under well-established law, Ikan is charged with and responsible for inequitable conduct committed by its prosecuting attorney.  (*See* Dkt. 101 at 6, 8-9.)

- Plaintiffs argue that Mr. Weiss "determined there was no intentional abandonment" by Ikan.  (Dkt. 256 at 4.)  But they include no citations to supporting evidence because there is none.  Instead, Mr. Weiss testified that he knew the application was abandoned and did

---

[1]   During discovery, Knobbe's outside counsel represented to Amazon that, to facilitate the resolution of any discovery disputes, he provided copies of all withheld communications to Freshub's counsel.

nothing to revive it for over five years. (*See* Dkt. 255 at ¶¶11, 14-15, 18, 21.) Moreover, there is no evidence or testimony that Mr. Weiss made any "determination": he did not testify that the abandonment was a mistake; he did not testify to any facts showing that he *investigated* the abandonment; to the contrary, he had an easy way to confirm in his firm's records whether Ikan intended to abandon the application and Mr. Weiss simply chose not to look. (*See* Dkt. 255 at ¶¶24-28.)

- That the Patent Office relied on Mr. Weiss's sworn statement (Dkt. 256 at 5) shows that the statement was material—*i.e.,* it shows that his deception worked. It does not prove that the statement itself is true.

- Mr. Weiss testified that the privilege log only reflects communications relevant to the asserted patents. (Dkt. 243-1 at 79:7-19.) The 2012 entries thus reflect that Mr. Weiss and his staff provided the notice of abandonment of the parent '291 application to Ikan and communicated about it (as nothing else concerning the prosecution of the asserted patents happened at that time or for years thereafter), thus showing that Ikan and Mr. Weiss intended to stop prosecution and abandon the application.

- Plaintiffs claim that Amazon put on "no evidence" about the asserted patents and have "no contentions" about them. (Dkt. 256 at 9.) That is incorrect. Amazon established that the abandoned application issued eventually as the parent patent to the asserted patents, which would not have issued but for the inequitable conduct and are unenforceable for that reason. (*See* Dkt. 255 at 2 (citing evidence), 10 (making related argument).)

These issues are addressed more fully in Amazon's briefing for the parties' cross-motions for summary judgment. (*See* Dkts. 101, 127, 148.)

| | |
|---|---|
| June 25, 2021 | Respectfully submitted, |
| | /s/ Todd R. Gregorian |
| | J. David Hadden, (CSB No. 176148)<br>Email: dhadden@fenwick.com<br>Saina S. Shamilov, (CSB No. 215636)<br>Email: sshamilov@fenwick.com |
| *Of Counsel:* | Todd R. Gregorian (CSB No. 236096)<br>Email: tgregorian@fenwick.com |
| Barry K. Shelton (TX Bar #24055029)<br>bshelton@sheltoncoburn.com<br>Bradley Dalton Coburn<br>coburn@sheltoncoburn.com<br>SHELTON COBURN LLP<br>311 RR 620 S, Suite 205<br>Austin, TX 78734<br>Tel: (512) 263-2165<br>Fax: (512) 263-2166 | Ravi R. Ranganath (CSB No. 272981)<br>Email: rranganath@fenwick.com<br>Allen Wang (CSB No. 278953)<br>Email: allen.wang@fenwick.com<br>Eric B. Young (CSB No. 318754)<br>Email: eyoung@fenwick.com<br>**FENWICK & WEST LLP**<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA  94041<br>Telephone:  650.988.8500<br>Facsimile:  650.938.5200 |
| | *Counsel for Defendants*<br>*AMAZON.COM, INC., AMAZON.COM SERVICES LLC, PRIME NOW, LLC, and WHOLE FOODS MARKET SERVICES, INC.* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 25th day of June 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

                              */s/ Todd R. Gregorian*
                              Todd R. Gregorian