# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation,<br><br>Defendants. | Case No. 6:21-CV-00511-ADA |

## DEFENDANTS' RULE 50(B) RENEWED
## MOTION FOR JUDGMENT AS A MATTER OF LAW

**I.      INTRODUCTION**

Defendants Amazon.com, Inc., Amazon.com Services LLC, Prime Now, LLC, and Whole Foods Market Services, Inc. ("Defendants") move under Rule 50(b) of the Federal Rules of Civil Procedure for judgment as a matter of law that the asserted claims in this case are invalid under 35 U.S.C. § 101.

Each of the three asserted patents claims the result of voice shopping—*e.g.*, adding an item to a shopping list by voice.  But the claims disclose no technological solution for achieving this result.  Instead, they recite only functional steps—"receiving" a spoken order, "translating" it to text, "matching" it to database entries, "identifying" a corresponding item, "adding" the item to a list, and "displaying" the list to the user—and then direct a skilled artisan to invent a solution, *i.e.*, an actual *way* to perform these functions using conventional computers.  The patents attempt to claim *all* ways to achieve the claimed result, including any pre-existing solutions and those that others have yet to invent.  Such claims are ineligible for patenting under § 101.

**II.     THE ASSERTED PATENTS FAIL TO CLAIM PATENTABLE SUBJECT MATTER UNDER 35 U.S.C. § 101**

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1); *see also Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005).  Here, the asserted claims[1] recite nothing more than generic components performing functions inherent in the idea of voice shopping.  Therefore, they are patent ineligible under 35 U.S.C. § 101 as a matter of law.

The Court is familiar with the two-step test of *Alice Corp. v. CLS Bank International*, 573

---

[1] Claims 1 and 6 of U.S. Patent No. 9,908,153 (the "'153 patent"), claim 1 of U.S. Patent No. 10,213,810 (the "'810 patent"), and claims 20 and 30 of U.S. Patent No. 10,232,408 (the "'408 patent").

U.S. 208 (2014). "Patent eligibility under § 101 is an issue of law that sometimes contains underlying issues of fact." *Elec. Commc'n Techs., LLC v. ShoppersChoice.com, LLC*, 958 F.3d 1178, 1181 (Fed. Cir. 2020) (citing *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018)). Defendants moved for summary judgment of ineligibility; the Court ruled that it was necessary to proceed past *Alice* step 1 and have the jury decide fact questions at *Alice* step 2. (Trial Tr. at 30:8–16 ("We're going to take it up under Step 2.").)

    A.    **The Court's step one ruling is correct.**

The asserted claims recite functional steps—receiving and translating a spoken order, identifying an item corresponding to the order, and displaying a list of identified items—implemented using only generic components and existing voice technology. Neither the claims nor the specification describe any new algorithm or new software to accomplish any of the steps. The two columns that reference the voice system describe only a generic "voice recording device" for capturing voice orders and "[a] remote computer processing system [that] receives, stores, and accesses" digitized voice orders, "match[es] the user's spoken order with a product," provides quotes from vendors, and allows the user to place an order. (*See* '153 patent at 8:17–9:14.) These do not constitute a specific solution. *See Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1333, 1337–38 (Fed. Cir. 2017); *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1235 (Fed. Cir. 2016); *VOIT Techs., LLC v. Del-Ton, Inc*, No. 5:17-CV-259-BO, 2018 WL 385188, at *1 (E.D.N.C. Jan. 11, 2018), *aff'd*, 757 F. App'x 1000 (Fed. Cir. 2019). The claims are merely a command to the reader to use conventional computers to automate the common practice of taking an order at a store counter.

    B.    **Freshub's asserted claims also fail at *Alice* step two.**

"Where a claim is directed to an abstract idea, the claim must include 'additional features' to ensure 'that [it] is more than a drafting effort designed to monopolize the [abstract idea].'"

2

*ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 773 (Fed. Cir. 2019) (quoting *Alice*, 573 U.S. at 221). "These additional features cannot simply be 'well-understood, routine, conventional activit[ies]' previously known to the industry." *Id.* (citation omitted). "Instead, the inventive concept must be 'sufficient to ensure that the patent in practice amounts to significantly more' than a patent on the abstract idea." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72–73 (2012)). At step two, courts consider "the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 1291).

Here, it is apparent from the specification alone that the asserted claims only disclosed well-understood, routine, and conventional computing components and protocols for achieving the claimed results. Claims are invalid based on just the intrinsic record when "there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) (a court may rule on § 101 even at the motion to dismiss stage if it has "resolve[d factual] disputes to whatever extent is needed to conduct the § 101 analysis") (citing *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373 (Fed Cir. 2016)); *see also C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:12-cv-00032, 2021 WL 3109914, at *14, *17–18 (D. Utah July 22, 2021) (granting summary judgment at step two where "the asserted claims recite only the assembly of . . . the conventional and known features described in the specification") (citing *C.R. Bard v. AngioDynamics*, 979 F.3d 1372, 1384 (Fed. Cir. 2020)).

The asserted claims recite nothing more than generic components performing functions inherent in the idea of voice shopping. Claim 20 of the '408 patent, for example, recites receiving

3

a "digitized order of a user" over a network. The patents explain that this is accomplished through a conventional network, such as the internet. (*See, e.g.*, '408 patent at 8:9–11, 36–38.) The "digitized" nature of the order is inherent to the function itself—a file transmitted over the internet must be "digital." *See Two-Way Media*, 874 F.3d at 1341. The order is received from a remote system comprised of a microphone, a wireless network interface, and a digitizer coupled to the microphone. These, too, are strictly conventional. (*See, e.g.*, '153 patent at 8:17–21, 35–36 (may use a "plurality of voice recording devices").[2] The remaining limitations of the claim—identifying an item and adding to a shopping list—are conventional purchasing steps common to any e-commerce system. *See, e.g.*, *cxLoyalty, Inc. v. Maritz Holdings Inc.*, 986 F.3d 1367, 1379–81 (Fed. Cir. 2021); *Telebuyer, LLC v. Amazon.com, Inc.*, No. 2:13-cv-1677, 2015 WL 4493045, at *10 (W.D. Wash. July 23, 2015). Claim 1 of the '810 patent also recites a "voice output system," The other independent claims are each non-inventive variations of the same functions, and the arguments above apply equally to them.[3] Claim 1 of the '810 patent claims additional elements including a "voice output system," "download configuration data to the remote system," and "enable the set of items, including the identified item, to be provided to an item provider." ('810 patent, cl. 1.) But the specification shows that these, too, were well-known components of voice shopping. (*See, e.g.*, *id.* at 4:4–12 (listing potential output devices), 9:23–41 (picture of an item

---

[2] Freshub itself conceded before trial that these elements were conventional. (*See, e.g.*, Dkt. 111-12 ("Striegel Dep. Tr.") at 166:25–167:1 (patents do not describe any improved microphone), 168:22–170:2 (digitizers existed prior to the patents), 170:5–8, 176:6–8 (network interfaces were conventional).

[3] *See, e.g.*, '408 patent, cl. 30 (reciting "receiv[ing] . . . a digitized" order or communication, "translat[ing] . . . to text," "identify[ing] an item," and adding the item to a list that is "displayed"); '810 patent, cl. 1 (reciting "receiv[ing] . . . a digitized order," "translat[ing] . . . to text," "identify[ing] an item," and "includ[ing] the identified item in a set" that is "displayed");'153 patent, cl. 1 (reciting "receiv[ing] . . . the digitized order," "translat[ing] . . . to text," "identify[ing] an item," and "add[ing] the identified item to a list" that is "displayed").

may be "transmitted by the system or otherwise to the remote system" for image processing), 6:54–7:3 ("configuration information includes" that relating to "vegetable drawers, fruit drawers," and "[s]helve [sic] and drawer weight limitations" for food.)

There is also nothing inventive about the ordered combination of the claim elements. Receiving a voice order is inherent to the abstract idea of voice shopping. Indeed, a voice order must be received before it can be translated to text that can be used to identify an item. And only once that item is identified can it be added to a list or ordered. The recited functional steps are thus inherent in and logically required to accomplish the idea. *See IPA Techs., Inc. v. Amazon.com, Inc.*, 307 F. Supp. 3d 356, 372 (D. Del. 2018) (observing that "it is impossible to interpret a spoken request without receiving one, and impossible to refine a query that has not yet been constructed"). So, even looking just within the four corners of the patents, the claims describe nothing but well-understood, routine, and conventional computer components and processes.

Ultimately, the patents attempt to claim all solutions, both present and future, to the problem of voice shopping while contributing nothing to the inventing public. The claims are not limited to any particular application or specific devices but seek to cover *any* way for processing speech to identify a requested item without specifying *how* to perform any of the key functions recited in the claims. The patents thus attempt to patent nearly limitless embodiments of the abstract idea; they are unduly preemptive and invalid under § 101. *See Mayo*, 566 U.S. at 88 ("[T]he underlying functional concern here is a relative one: how much future innovation is foreclosed relative to the contribution of the inventor.").

As such, the patents are invalid as a matter of law; no material fact issue required resolution by the jury; and the jury's failure to return a finding on Section 101 (Dkt. 253) is irrelevant. But even so, the evidence at trial confirmed that Freshub's claims recite nothing more than generic

5

components performing functions inherent in the idea of voice shopping. The hardware elements of the Freshub patents—a microphone, wireless network interface, networks interface, digitizer, computers, and non-transitory memory that stores instructions—are routine and conventional components well known in the industry. (Trial Tr. 129:14–25; 130:16–131:6; 930:25–931:8; 931:9–24; 932:23–933:15; 957:1–3; 1052:13–22; 1224:23–1225:16). And the computer instructions stored on the non-transitory memory—receiving using a network interface, translating to text, identifying an item from the text, adding the item to a list associated with a user, and displaying the list to the user—are similarly routine, conventional, and well known. (*Id.* at 932:21–936:5.) Indeed, both Dr. Polish and Dr. Singh (Freshub's own experts) testified that the patented system uses off-the-shelf third party speech recognition software to achieve the claimed solution. (*Id.* at 1220:23–1221:21 (Polish Testimony); 1286:25–1287:17 (Singh Testimony).) And nothing about the ordering or combination of these elements is inventive. (*Id.* at 933:13–15.) Dr. Striegel identified the same conventional computer components and inherent voice shopping functions. He described each of the conventional elements the patents recite: a microphone receives a spoken order (*id*. at 85:25–86:6), a digitizer that converts the order into 1s and 0s (*id.* at 86:7–15) and sends it out "across the network," or internet (*id*.). And he described a "second part of the system" will "translate it over to text to figure out what [the person] said" (*id.* at 86:16–22) and "identify an item" (*id.* at 86:23). Dr. Striegel told the jury that the patents do not describe any new microphone technology. (*Id.* at 129:14–131:6.) The experts for both sides agreed that there is nothing in the asserted patents that describes any new microphone, wireless network interface, or digitizer technology that might transform otherwise abstract claims into patentable subject matter.

## III.   CONCLUSION

The asserted patents are invalid for failing to claim patent eligible subject matter under 35 U.S.C. § 101, and the Court should grant judgment as a matter of law.

Dated:  August 11, 2021

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

Deron R. Dacus (TX Bar #00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543

Respectfully submitted,

*/s/ Eric B. Young*
J. David Hadden, CSB No. 176148
dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
sshamilov@fenwick.com
Todd R. Gregorian, CSB No. 236096
tgregorian@fenwick.com
Ravi R. Ranganath, CSB No. 272981
rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
vsalmastlian@fenwick.com
Allen Wang, CSB No. 278953
allen.wang@fenwick.com
Eric B. Young, CSB No. 318754
eyoung@fenwick.com
**FENWICK & WEST LLP**
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

*Counsel for Defendants*
*AMAZON.COM, INC., AMAZON.COM*
*SERVICES LLC, PRIME NOW, LLC, and*
*WHOLE FOODS MARKET SERVICES, INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 11th day of August 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Eric B. Young*
Eric B. Young
