# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation, <br><br> Defendants. | Case No. 6:21-CV-00511-ADA |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TAX COSTS**

## TABLE OF CONTENTS

**Page**

I. DEFENDANTS PREVAILED IN THE CASE. ................................................................1

II. DEFENDANTS ARE ENTITLED TO THEIR REQUESTED COSTS. ..........................4

    A. Deposition Transcripts and Videos ............................................................4

    B. Pretrial and Daily Trial Transcripts ............................................................5

    C. Trial Graphics .............................................................................................6

    D. Markman Graphics .....................................................................................7

    E. Travel Costs ................................................................................................9

    F. Service Fees ................................................................................................9

III. FRESHUB IS NOT ENTITLED TO A GENERAL REDUCTION OF DEFENDANTS' ALREADY REDUCED BILL OF COSTS ........................................10

CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B. Braun Med., Inc. v. Abbott Labs.*,
   38 F. Supp. 2d 393 (E.D. Penn. 1999) ..................................................................................2

*Compro-Frink Co. v. Valk Mfg. Co.*,
   595 F. Supp. 302 (E.D. Penn. 1982) .....................................................................................2

*Core Wireless Licensing S.a.r.l v. LG Elecs.*,
   2:14-cv-912-JRG, 2020 WL 1557492 (E.D. Tex. Apr. 1, 2020) .......................................6, 7

*CRST Van Expedited Inc. v. EEOC*,
   578 U.S. 948, 136 S. Ct. 1642 (2016) ...................................................................................1

*Dentsply Int'l, Inc. v. Hu-Friedy Mfg. Co., Inc.*,
   No. 1:04-cv-384, 2007 WL 2409739 (M.D. Penn. Aug. 20, 2007) ......................................2

*E. Iowa Plastics, Inc. v. PI, Inc.*,
   832 F.3d 899 (8th Cir. 2016) .................................................................................................2

*Eolas Techs., Inc. v. Adobe Sys., Inc.*,
   891 F. Supp. 2d 803 (E.D. Tex. 2012) ..................................................................................6

*Fast Memory Erase, LLC v. Spansion, Inc.*,
   No. 3-10-CV-0481-M-BD, 2010 WL 5093945 (N.D. Tex. Nov. 10, 2010) .........................8

*Fogleman v. ARAMCO*,
   920 F.2d 278 (5th Cir. 1991) ................................................................................................5

*Innovation Scis., LLC v. Amazon.com, Inc*,
   No. 4:18-cv-474, Dkt. 955 (E.D. Tex. May 24, 2021) ..........................................................6

*Lifescan, Inc. v. Home Diagnostics, Inc.*,
   No. 96-597, 2001 WL 1339405 (D. Del. Oct. 30, 2001) ......................................................2

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
   76 F.3d 1178 (Fed. Cir. 1996) ..............................................................................................2

*Mobile Telecomms. Techs., LLC v. Samsung Telecomms. Am., LLC*,
   No. 2:13-cv-259-RSP, 2015 WL 5719123 (E.D. Tex. Sept. 26, 2015) .................................2

*Moore v. CITGO Refining & Chems. Co., L.P.*,
   735 F.3d 309 (5th Cir. 2013) ................................................................................................3

# TABLE OF AUTHORITIES
# (CONTINUED)

**Page(s)**

*Morales v. Safeway, Inc.*,
   No. 4:17-cv-825, 2020 WL 1190126 (E.D. Tex. Mar. 12, 2020) .............................................6

*Motio, Inc. v. BSP Software LLC*,
   No. 4:12-cv-647, 2016 WL 4430452 (E.D. Tex. Aug. 22, 2016) .........................................5, 6

*Motion Games, LLC v. Nintendo Co., Ltd.*,
   No. 6:12-cv-878, 2016 WL 9136171 (E.D. Tex. Oct. 24, 2016) ..........................................3, 4

*Raniere v. Microsoft Corp.*,
   887 F.3d 1298, 1305-05 (Fed. Cir. 2018) ................................................................................1

*Royal Palm Props., LLC v. Pink Palm Props., LLC*,
   No. 17-80476-CV, 2021 WL 1056621 (S.D. Fla. Feb. 17, 2021), *appeal
   docketed*, No. 21-10872 (11th Cir. Mar. 17, 2021) ..................................................................2

*Schwartz v. Folloder*,
   767 F.2d 125 (5th Cir. 1985) ....................................................................................................3

*Senior Techs., Inc. v. R.F. Techs., Inc.*,
   190 F.R.D. 642 (D. Neb. 2000) ................................................................................................2

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed. Cir. 2010) ..........................................................................................1, 10

*Stubblefield v. Suzuki Motor Corp.*,
   826 F. App'x 309 (5th Cir. 2020) ....................................................................................2, 4, 5

*Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*,
   713 F.2d 128 (5th Cir. 1983) ....................................................................................................1

*Synbias Pharma v. Solux Corp.*,
   No. 11-cv-3035, 2014 WL 12515348 (S.D. Cal. Jan. 7, 2014) ................................................2

*SynQor, Inc. v. Artesyn Techs., Inc.*,
   No. 2:07-cv-497.2-11 W: 4591893 (E.D. Tex. Sept. 30, 2011) ...........................................5, 6

*Two-Way Media v. AT&T Servs., Inc.*,
   No. SA-09-CA-476, 2013 WL 12090356 (W.D. Tex. Mar. 12, 2020) ............................6, 7, 8

*U.S. ex rel. Long v. GSDMIdea City, L.L.C.*,
   807 F.3d 125 (5th Cir. 2015) ....................................................................................................3

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*United Access Techs., LLC v. EarthLink, Inc.*,
  No. 02-272-MPT, 2012 WL 2175786 (D. Del. June 14, 2012) ................................................... 2

*W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*,
  834 F.2d 1232 (5th Cir. 1988) .................................................................................................... 6

**STATUTES**

28 U.S.C. § 1821 ............................................................................................................................. 9

28 U.S.C. § 1821(c)(1) .................................................................................................................... 9

28 U.S.C. § 1920 ......................................................................................................................... 6, 7

**OTHER AUTHORITIES**

28 C.F.R. 0.114(a)(3) .................................................................................................................... 10

Fed. R. Civ. P. 50(b) ....................................................................................................................... 4

Fed. R. Civ. P. 54 ............................................................................................................................ 1

I.      **DEFENDANTS PREVAILED IN THE CASE.**[1]

Freshub contends that Defendants did not win this case because even though they prevailed on all *claims*, they did not prevail on all *issues*. (Opp. at 3–6.) The Fifth Circuit has expressly rejected this argument: "[a] party need not prevail on all issues to justify an award of costs." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983). More generally, a defendant "prevails" when it "rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties'" and modifies the plaintiff's behavior in a way that directly benefits the defendant. *Rainiere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) (citing *CRST Van Expedited Inc. v. EEOC*, 578 U.S. 948, 136 S. Ct. 1642, 1646, 1651 (2016)) (emphasis added); *see also Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (prevailing party standard is the same for both attorney fees and costs under Rule 54).[2]

Here, the Defendants rebuffed Freshub's infringement claims and demand for nearly a quarter of a billion dollars. (*See* Trial Tr. at 50:3–7.) "When a finding of noninfringement occurs, the result is '[a] judicial declaration that one is free from another's right to exclude,' thereby 'alter[ing] the legal relationship between the parties.' The freedom to practice an invention without fear of suit . . . is a

---

[1] Freshub complains that the parties did not follow the correct procedure to confer about the Bill of Costs. (*See* Opp. at 2.) Defendants provided Freshub with a draft bill of costs and detailed invoices (Dkt. 270-2 ¶ 9), and at the conference of counsel Freshub disputed all costs—so Defendants submitted a memorandum supporting each item requested. The parties conferred a second time at Freshub's request—after Defendants had reduced their request by over $200,000—and Freshub still disputed all costs and offered no compromise proposal.

[2] Freshub attempts to distinguish *CRST*, but none of its arguments changes the key holding in that case, which dictates the result here. (*See* Opp. at 5 & n.2.) In *CRST*, the Supreme Court set forth how courts should determine whether a defendant has prevailed, holding that it occurs when "[t]he defendant has . . . fulfilled its primary objective"—*i.e.*, "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *CRST*, 136 S. Ct. at 1651. This holds true even if the defendant "might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations." *Id*. In other words, it does not matter on what issue Defendants here prevailed; Freshub brought multiple patent infringement claims and the jury rejected all of them.

1

valuable commercial benefit." *United Access Techs., LLC v. EarthLink, Inc.*, No. 02-272-MPT, 2012 WL 2175786, at *4 (D. Del. June 14, 2012) (citing *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996)). Indeed, Defendants may now use, offer, and sell the accused products "free from risk of infringement and without the necessity of obtaining a license." *Manildra,* 76 F.3d at 1182–83. Defendants therefore "benefit from the altered legal relationship because [they] will not owe [Freshub] any monetary damages and the judgment in [Defendants'] favor will have res judicata effect in any future action." *Mobile Telecomms. Techs., LLC v. Samsung Telecomms. Am., LLC*, No. 2:13-cv-259-RSP, 2015 WL 5719123, at *1 (E.D. Tex. Sept. 26, 2015). Defendants fulfilled their primary objective in this litigation and thus prevailed and are entitled to their costs.[3]

Freshub also cannot meet its burden to overcome the presumption in favor of awarding costs. *See Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 324 (5th Cir. 2020). The Fifth Circuit has identified several factors for district courts to consider but "only for the purpose of exposition" and has

---

[3] The cases Freshub cites are inapposite. In most of the cases, the defendant had counterclaimed for a declaration of invalidity and lost on that claim, or the plaintiff had secured an affirmative declaration that the asserted patent(s) were valid. *See, e.g.*, *Compro-Frink Co. v. Valk Mfg. Co.*, 595 F. Supp. 302, 304 (E.D. Penn. 1982) (defendant failed on invalidity counterclaim); *Lifescan, Inc. v. Home Diagnostics, Inc.*, No. 96-597, 2001 WL 1339405, at *2 (D. Del. Oct. 30, 2001) (same); *Senior Techs., Inc. v. R.F. Techs., Inc.*, 190 F.R.D. 642, 642 (D. Neb. 2000) (same); *Dentsply Int'l, Inc. v. Hu-Friedy Mfg. Co., Inc.*, No. 1:04-cv-384, 2007 WL 2409739, at *1 n.2 (M.D. Penn. Aug. 20 , 2007) (same); *B. Braun Med., Inc. v. Abbott Labs.*, 38 F. Supp. 2d 393, 396 (E.D. Penn. 1999) (plaintiff secured affirmative declaration of validity); *E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 903–04 (8th Cir. 2016) (plaintiff obtained declaration that it owned trademark). Thus, in each case, *neither* party was adjudged the prevailing party or *both* parties were. Defendants here sought no such declaration and the judgment "did not determine the [p]atents were valid . . . ." *United Access*, 2012 WL 2175786, at *4 (citing *In re Constr. Equip. Co.*, 665 F.3d 1254, 1256 n.3 (Fed. Cir. 2011). Freshub's only other cases either apply Eleventh Circuit law and in any event may be overturned on appeal (*see Royal Palm Props., LLC v. Pink Palm Props., LLC*, No. 17-80476-CV, 2021 WL 1056621, at *4 (S.D. Fla. Feb. 17, 2021), *appeal docketed*, No. 21-10872 (11th Cir. Mar. 17, 2021)); or do not match the posture of this case, where Defendants achieved their primary objective—a judgment of no infringement—and did not claim or counterclaim for an affirmative declaration of invalidity (*cf. Synbias Pharma v. Solux Corp.*, No. 11-cv-3035, 2014 WL 12515348, at *2–3 (S.D. Cal. Jan. 7, 2014) (neither party prevailed on dismissed claims for infringement or a declaration of validity)).

2

declined to "decide whether any of these is a sufficient reason to deny costs." *Moore v. CITGO Refining & Chems. Co., L.P.*, 735 F.3d 309, 319 (5th Cir. 2013) (citation and quotations omitted). Indeed, the "prevailing party is prima facie entitled to costs." *Schwartz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). Each of Freshub's arguments to the contrary fails.

First, Freshub contends that the Court should deny costs because Freshub acted in good faith. But even assuming Freshub did act in good faith, an assertion the trial record tends to undermine,[4] "[a] losing party's good faith alone is insufficient to justify a denial of costs to the prevailing party . . . ." *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-cv-878, 2016 WL 9136171, at *2–3 (E.D. Tex. Oct. 24, 2016) (citing *Pacheco v. Mineta*, 448 F.3d 783, 794–95 (5th Cir. 2006)).

Next, Freshub contends that the Court should deny costs because it is a small company and cannot pay an award. (Opp. at 7.) Here, Freshub invites the Court to commit reversible error. The Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 129 (5th Cir. 2015). Instead, "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore*, 735 F.3d at 320. Moreover, while a district court may reduce a costs award based on a showing of undue hardship, Freshub made no such showing. It objected to requests for financial records during discovery and did not provide them here. No witness attested that Freshub could not pay the requested award or that doing so would pose a hardship. Moreover, Freshub funded this lawsuit for over two years and the cost of its post-trial motions and forthcoming appeal alone will likely exceed the proposed costs award by multiples.[5]

---

[4] For example, evidence at trial suggested that Freshub brought this case for "very quick" "big money." (Trial Tr. at 445:3–446:24.)

[5] Freshub claims (Opp. at 8) that it does not in fact mean to suggest a reduction based on relative financial position, but again, it provided no evidence of its own finances to support a claim of hardship, and at trial it mentioned Amazon's resources anytime it perceived a benefit from doing

3

Next, Freshub accuses Defendants of misconduct at trial. But Freshub does not even identify an objection that it made during trial concerning the supposed misconduct. And the Court itself apparently perceived no such misconduct—it told the jury that they "could not have seen better lawyers than the lawyers that you saw in this case on either side." (Trial Tr. at 1454:25–1455:15.) Freshub's allegations of anti-Semitism in particular are groundless and offensive. Defendants will address those allegations in detail in their response to Freshub's motion for a new trial.

Freshub also argues that the Court should deny costs because the legal issues were not "simple" and the Court ruled in its favor on certain pretrial motions. (Opp. at 8–9.) But party's interim success is insufficient to show a "close and difficult legal issue" supporting denial of costs. *See, e.g.*, *Motion Games*, 2016 WL 9136171, at *2–3. That this case resolved at trial instead of at summary judgment or claim construction has no bearing on whether to award costs; recovery of trial costs is routine.

Finally, Freshub argues that the Court should reduce Defendants' costs to avoid a chilling effect on future lawsuits. (Opp. at 9.) Freshub made no showing that this case differs from any other in terms of the deterrent effect a costs award might have. As such, Freshub is asking the Court to disregard the presumption in favor of awarding costs. *See Stubblefield*, 826 F. App'x at 324. Moreover, the requested amount will have no such chilling effect. A patentee will usually (if not always) risk a potential $213,768.24 adverse costs award when it pictures a "very quick" $246 million jury award. (Trial Tr. at 445:3–446:24.)

## II. DEFENDANTS ARE ENTITLED TO THEIR REQUESTED COSTS.

### A. Deposition Transcripts and Videos

Freshub argues that video must be played at trial to be "necessary," and also that Defendants may

---

so. (*See* Trial Tr. at 49:22–50:7 ("They'll try and make my little client look like the bad guys . . . It's not big money to Amazon. It's big money for us . . . That's a lot of money for Freshub"); 1440:8–16 ("$246 million is a pittance to them. It's a rounding error . . . They've made $246 million since I . . . started talking to you. It's nothing.").)

4

not recover costs for both transcripts and video of the same depositions. (Opp. at 10.) Both arguments are incorrect. Under Fifth Circuit law, "it is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stubblefield*, 826 F. App'x at 326 (citing *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999)); *see also Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Indeed, courts in this Circuit have observed that it "makes little sense to disallow costs when, at trial, a party finds that a video no longer appears necessary. To rule so would incentivize parties to waste the jury's and the Court's time by trying to present some small portion of each video in order not to forfeit the opportunity for costs." *Motio, Inc. v. BSP Software LLC*, No. 4:12-cv-647, 2016 WL 4430452, at *11 (E.D. Tex. Aug. 22, 2016); *accord SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, 2011 WL 4591893, at *2 (E.D. Tex. Sept. 30, 2011) (rejecting similar argument). Freshub itself noticed 18 of the 23 fact depositions taken in this case. The parties identified 21 fact witnesses in their witness lists or deposition designations. (*See* Dkts. 219-2, 219-3, (witness lists) 219-6, 219-7 (deposition designations).) Defendants and their experts relied on both transcripts and videos to prepare for trial and to brief *Daubert* and summary judgment motions. (*See, e.g.*, Dkts. 101 at 2–11; 11 at 5, 11–13; 103 at 6, 9–10, 14–16.) The COVD-19 pandemic made the videos particularly necessary, as it was uncertain whether any given witness would be able to travel.

B.    **Pretrial and Daily Trial Transcripts**

Freshub argues that Defendants are not entitled to daily trial transcripts because: (1) the invoice submitted in support is "non-final," and not sufficiently specific; and (2) the services were not necessary for trial. (Opp. at 12.) Neither argument has merit. Defendants received a single $20,000 invoice for daily trial transcription and real-time services from Ms. Kristie Davis. (Dkt. 270-4.) Defendants paid that amount and thus incurred those $20,000 in costs. Daily trial transcripts were also necessary. The trial

5

lasted five days and the evidence involved complex technology. The parties disagreed about the admissibility of witness testimony and exhibits, and each day included argument concerning these disputes and other procedural matters. The Court's rulings were often recorded only in the transcript.

Freshub also complains about $430.55 for the pretrial conference transcripts because they reflect an additional charge for expediting. But at those conferences the Court ruled on the parties' summary judgment motions, motions to exclude experts, and motions *in limine*, which framed the claims, defenses, and evidence for trial. Freshub concedes that the parties had just two weeks after those rulings to complete their trial preparation, for which the pre-trial conference transcripts were indispensable.

### C. Trial Graphics

Freshub raises five separate objections to these costs; all fail. First, Freshub contends that graphics costs are not recoverable because section 1920 does not call them out by name. (Opp. at 13.) But the Fifth Circuit has acknowledged that courts must interpret the phrases used in the costs statute in light of modern trial practice. *See W. Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237–38 (5th Cir. 1988). The majority approach in this district and Circuit interprets "exemplification" costs as including the graphics costs Defendants request. *See, e.g.*, *Two-Way Media v. AT&T Servs., Inc.*, No. SA-09-CA-476, 2013 WL 12090356, at *5–6 (W.D. Tex. Nov. 22, 2013); *Morales v. Safeway, Inc.*, No. 4:17-cv-825, 2020 WL 1190126, at *2 (E.D. Tex. Mar. 12, 2020) (awarding "video editing fees . . . incurred in preparation for trial"); *Core Wireless Licensing S.a.r.l v. LG Elecs.*, No. 2:14-cv-912-JRG, 2020 WL 1557492, at *4 (E.D. Tex. Apr. 1, 2020) (granting "graphics and exemplification costs" including "demonstrative slides"); *SynQor*, 2011 WL 4591893, at *3 (awarding "audio and visual professional services" costs); *see also Motio*, 2016 WL 4430452, at *12; *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012); *Innovation Scis., LLC v. Amazon.com, Inc*, No. 4:18-cv-474, Dkt. 955 at 7–8 (E.D. Tex. May 24, 2021).

Second, Freshub argues that costs for demonstratives not moved into evidence are not recoverable. (Opp. at 13 (citing *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202, 2017 WL 3044594, at *3 (E.D. Tex. July 18, 2017).) Freshub's reliance on *Uropep* is misplaced. (Opp. at 13.) There, the court took the minority position that "exemplification" under section 1920 is limited to official transcripts of the public record. But as the cases above indicate, that is not the prevailing approach in this Circuit.

Third, Freshub states, without support or explanation, that the Defendants may not recover graphics costs because the Court did not approve them in advance. (Opp. at 13.) But as explained in Defendants' opening brief, trial graphics are "an anticipated, useful, and necessary tool to assist in the efficient presentation of cases." (Mot. at 6 (quoting *SynQor*, 2011 WL 4591893, at * 3).)

Fourth, Freshub further argues that the cases Defendants cite were "particularly complex," and thus inapposite. (Opp. at 14.) But this case involved complicated accused technology and several asserted patents, just as in *Two-Way Media, Versata Software, Core Wireless, and Innovation Sciences* (which involved the Alexa technology at issue here).

Finally, Freshub complains about various line items in Defendants' trial graphics invoices, including headshots for juror binders, workroom setup costs, and graphics support, among others. (Opp. at 14.) But this ignores that Defendants have already reduced their request for this category by 70%, or $71,393.10, a total reduction that far exceeds $20,190, the total of the identified line items. (*See id.* at 14–15.) Therefore, even if the Court found any of these items objectionable, they are already excluded from the request and no further reduction is warranted.

D.  *Markman* Graphics

Freshub objects to Defendants *Markman* graphics costs for five reasons; none has merit. First, Freshub claims it is confused as to why invoices reflect amounts for different projects related to the

7

*Markman* hearing. (Opp. at 15.) The invoices represent work the consultants performed on separate aspects of Defendants' claim construction tutorial over the period leading up to the hearing, including the consultants' preparation of a slide presentation and recording the same by video to play for the Court. Defendants have met their burden to provide detailed invoices. (*See* Dkt. 270-6.)

Next, Freshub argues that the costs were not necessary because an expert read the voice-over video script when the parties agreed that expert testimony was not necessary for claim construction. (Opp. at 16.) But the parties' agreement is irrelevant because there was no expert testimony. The reader—Dr. Padhraic Smyth—offered no expert opinions in the recording, did not serve an expert report, did not sit for deposition, and did not testify at trial. It is irrelevant whether a computer science expert or a voice actor read the voice-over script aloud. The work itself was not preparing or providing any expert opinion testimony, and thus it is recoverable.

Freshub also complains that there was no need to pre-record the tutorial slideshow with a voice-over. (Opp. at 16.) The Court held the *Markman* hearing in this case remotely, meaning Defendants had to present slides virtually that they would normally present in person. How Defendants presented does not change the amount they spent to create them. But regardless, Defendants' slides and script were necessary to clarify the technology at issue for the cleanest possible presentation to the Court over internet video. *See, e.g.*, *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010).

Freshub contends next that the Court's express statement that it was open to technology presentations was not an invitation to present one. (Opp. at 13–14.) Courts in this and other districts disagree. *See, e.g.*, *Two-Way Media*, 2013 WL 1209356, at *6 (awarding graphics consultant costs); *Fast Memory Erase*, 2010 WL 5093945, at *6 (holding on similar facts that it had invited both parties to submit tutorials in advance of the *Markman* hearing and that was tantamount to pretrial approval). Given

8

the Court's statement that it would consider a technology tutorial if submitted, Defendants logically concluded that the Court expected such a tutorial, particularly given the complex technology at issue in this case. Freshub does not explain why this assumption was unreasonable. Freshub's position regarding the need for tutorials is irrelevant. (Opp. at 16.)[6]

### E. Travel Costs[7]

Freshub disputes travel costs for Dr. Johnson and Mr. Desai because it claims that there were cheaper flight options available, and because Defendants' supporting exhibit did not show all (600-plus) such options. (Opp. at 18.) But section 1821 allows recovery for the "shortest practical route in going to and returning from the place of attendance . . . at the most economical rate reasonably available"—not just the cheapest means to travel regardless of its inconvenience. 28 U.S.C. § 1821(c)(1). The flight Freshub points to as "cheapest" for Mr. Desai would have taken 9 hours and 20 minutes to fly from Los Angeles to Waco and is certainly not the "shortest practical route." (Dkt. 270-10.)[8] Defendants searched a reputable travel website that provides a range of flights across all major carriers and selected the lowest reasonable rate. (Dkt. ¶ 270-2 at ¶ 10 & Ex. H.) Defendants provided the first page of results for each round-trip flight, which displays the cheapest, best, and quickest options for all 388 flights available for Mr. Desai and for all 224 flights for Mr. Johnson. (Dkt. 270-10 at 9 (Desai); *see also id.* at 18 (Johnson).)

### F. Service Fees

Freshub objects to the process server fees on three grounds. First, Freshub states that it removed Mr. Sion Douer (the witness served) from its initial disclosures at "Defendants' request." (Opp. at 19.)

---

[6] Freshub objects to the consultants' use of vendors near Irvine, California because it purportedly added travel costs. (Opp. at 17.) But Defendants would have incurred similar costs for vendors in Irvine (*e.g.*, video equipment rental and configuration) but may have compromised on quality. Freshub cites no authority for any geographic restriction on Defendants' ability to recover costs.

[7] Freshub admits that Defendants are entitled to at least $1,788 in witness fees. (Opp. at 18 n.6.)

[8] Defendants inadvertently miscalculated costs of airfare in Exhibit C to their motion. (Dkt. 270-5.) Defendants' Bill of Costs and opening brief reflect the correct $826 amount. (*See* Opp. at 18.)

9

This is not accurate. On December 28, Freshub's attorneys refused to accept service of Defendants' subpoena to Mr. Douer—even though the initial disclosures stated that Defendants could contact Mr. Douer through those attorneys—and represented that Freshub would not call him at trial. (*See* Young Decl. Ex. I.) Defendants began their effort to serve Mr. Douer personally on December 29. (*See* Dkt. 270-7 at 2.) On January 20, 2021, Freshub's CEO Iri Zohar testified that Mr. Douer was evading service intentionally, despite his obvious relevance to the case as a patent inventor and the majority shareholder of Freshub. (Dkt. 108 at 18:3–12; 19:6–17.) Freshub amended its disclosures the next day—not at "Defendants' request," but to distance itself from Mr. Douer and his misconduct. (Opp. at 19; Dkt. 102-39.) Freshub also opposes these costs because Defendants did not attempt service via the U.S. Marshals, and because the circumstances are supposedly not sufficiently "exceptional." (Opp. at 18–19.)[9] But Freshub does not dispute that Defendants may recover costs for service by the U.S. Marshals or that Defendants made 17 attempts to serve Mr. Douer. (*Id.*) 28 C.F.R. 0.114(a)(3) sets Marshals' fees at $65 per hour "or portion thereof." If even a quarter of Defendants' 17 attempts took more than an hour, a Marshall's fees would add up to more than Defendants' request.

### III.   FRESHUB IS NOT ENTITLED TO A GENERAL REDUCTION OF DEFENDANTS' ALREADY REDUCED BILL OF COSTS.

Freshub argues that it, too, is a prevailing party, warranting a further reduction of Defendants' costs. It does not. *See Shum*, 629 F.3d at 1366–67 (district court erred in determining that both parties prevailed because there can be only one prevailing party). Freshub cannot be the prevailing party for reasons stated above. Moreover, Defendants have already reduced their overall request by over $200,000 and by up to 70% in certain categories. The authority Freshub cites does not compel a further reduction.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to tax costs.

---

[9] Defendants addressed the exceptional circumstances issue in their opening brief. (Mot. at 9–10.)

| | |
|---|---|
| August 19, 2021 | Respectfully submitted, |
| | /s/ Eric B. Young |
| *Of Counsel:* | |
| | J. David Hadden, (CSB No. 176148) |
| Barry K. Shelton (TX Bar #24055029) | Email: dhadden@fenwick.com |
| bshelton@sheltoncoburn.com | Saina S. Shamilov, (CSB No. 215636) |
| Bradley Dalton Coburn | Email: sshamilov@fenwick.com |
| coburn@sheltoncoburn.com | Todd R. Gregorian (CSB No. 236096) |
| SHELTON COBURN LLP | Email: tgregorian@fenwick.com |
| 311 RR 620 S, Suite 205 | Ravi R. Ranganath (CSB No. 272981) |
| Austin, TX 78734 | Email: rranganath@fenwick.com |
| Tel: (512) 263-2165 | Allen Wang (CSB No. 278953) |
| Fax: (512) 263-2166 | Email: allen.wang@fenwick.com |
| | Eric B. Young (CSB No. 318754) |
| Deron R. Dacus (TX Bar #00790553) | Email: eyoung@fenwick.com |
| ddacus@dacusfirm.com | **FENWICK & WEST LLP** |
| THE DACUS FIRM, P.C. | Silicon Valley Center |
| 821 ESE Loop 323, Suite 430 | 801 California Street |
| Tyler, TX 75701 | Mountain View, CA 94041 |
| Tel: (903) 705-1117 | Telephone: 650.988.8500 |
| Fax: (903) 581-2543 | Facsimile: 650.938.5200 |
| | |
| | *Counsel for Defendants* |
| | *AMAZON.COM, INC., AMAZON.COM* |
| | *SERVICES LLC, PRIME NOW, LLC, and* |
| | *WHOLE FOODS MARKET SERVICES, INC.* |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 19th day of August 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Eric B. Young*
Eric B. Young