UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation, <br><br> Defendants. | Case No. 6:21-CV-00511-ADA |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
RULE 50(B) RENEWED MOTION FOR JUDGMENT AS A
MATTER OF LAW**

# TABLE OF CONTENTS

**Page**

I.      THE TRIAL RECORD ON SECTION 101 IS IRRELEVANT BECAUSE THE ASSERTED PATENTS ARE INELIGIBLE AS A MATTER OF LAW BASED ON THE DISCLOSURES IN THE PATENTS THEMSELVES. ......................................1

      A.      The asserted patents fail *Alice* step one. ...................................................1

      B.      The asserted patents fail *Alice* step two. ...................................................4

II.     DEFENDANTS TIMELY FILED THEIR MOTION AND HAVE NOT WAIVED THEIR § 101 DEFENSE. ..........................................................................................8

III.    CONCLUSION ...........................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Affinity Labs of Tex., LLC v. Amazon.com, Inc.*,
　838 F.3d 1266 (Fed. Cir. 2016)............................................................................. 5, 9

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
　573 U.S. 208 (2014) ................................................................................... 1, 3, 4, 7

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*,
　841 F.3d 1288 (Fed. Cir. 2016)..................................................................................7

*Apple, Inc. v. Ameranth, Inc.*,
　842 F.3d 1229 (Fed. Cir. 2016)........................................................................... 1, 2

*BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*,
　827 F.3d 1341 (Fed. Cir. 2016)..................................................................................7

*Berkheimer v. HP Inc.*,
　881 F.3d 1360 (Fed. Cir. 2018)........................................................................... 4, 6, 9

*CG Tech. Dev., LLC v. Bwin.party (USA), Inc.*,
　No. 2:16-cv-871, 2016 WL 6089696 (D. Nev. Oct. 18, 2016)........................... 3, 5, 9

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
　880 F.3d 1356 (Fed. Cir. 2018)..................................................................................2

*cxLoyalty, Inc. v. Maritz Holdings Inc.*,
　986 F.3d 1367 (Fed. Cir. 2021)..................................................................................6

*Enfish, LLC v. Microsoft Corp.*,
　822 F.3dd 1327, 1336 (Fed. Cir. 2016) .................................................................. 2, 3

*ESW Holdings, Inc. v. Roku, Inc.*,
　No. 6:19-cv-00044-ADA, 2019 WL 10303653 (W.D. Tex. May 13, 2019) ........................7

*Gree, Inc. v. Supercell Oy*,
　834 F. App'x 583 (Fed. Cir. 2020) .......................................................................... 5, 9

*Guidry v. Kem Mfg. Co.*,
　604 F.2d 320 (5th Cir. 1979) ...................................................................................10

*In re Greenstein*,
　782 F. App'x 1035 (Fed. Cir. 2019) ...........................................................................6

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*IPA Techs., Inc. v. Amazon.com, Inc.*,
   307 F. Supp. 3d 356 (D. Del. 2018)............................................................................ 5, 7

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
   566 U.S. 66 (2012) ........................................................................................................ 7

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
   837 F.3d 1299 (Fed. Cir. 2016).................................................................................... 7

*MyMail, Ltd. v. ooVoo, LLC*,
   Nos. 2020-1825, 1826, 2021 WL 3671364 (Fed. Cir. Aug. 19, 2021)....................... 8

*Newell Cos., Inc. v. Kenney Mfg. Co.*,
   864 F.2d 757 (Fed. Cir. 1988)...................................................................................... 3

*Slade Gorton*, *& Co. v. Millis*,
   794 F. Supp. 175 (E.D.N.C. 1992), *aff'd*, 62 F.3d 1433 (Fed. Cir. 1995) ............... 10

*Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*,
   976 F.3d 509 (5th Cir. 2020) .................................................................................. 9, 10

*Thales Visionix Inc. v. United States*,
   850 F.3d 1343 (Fed. Cir. 2017).................................................................................... 2

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
   874 F.3d 1329 (Fed. Cir. 2017)................................................................................ 1, 2

*Versata Dev. Grp., Inc. v. SAP Am., Inc.*,
   793 F.3d 1306 (Fed. Cir. 2015).................................................................................... 6

*Wahpeton Canvas Co. v. Frontier, Inc.*,
   870 F.2d 1546 (Fed. Cir. 1989).................................................................................. 10

*Yu v. Apple Inc.*,
   1 F.4th 1040 (Fed. Cir. 2021) .............................................................................. 5, 6, 9

**STATUTES**

35 U.S.C. § 101.......................................................................................................... passim

35 U.S.C. § 103............................................................................................................... 8

**OTHER AUTHORITIES**

9 James WM. Moore et al., Moore's Fed. Prac. § 49.02[2](b) (3d ed. 2019) ................ 9

Fed. R. Civ. P. 50(b) ................................................................................................... 8, 9

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

Manual of Patent Examining Procedure § 2106 [R-10.2019]........................................................ 3

Freshub identifies no issue of fact that precludes judgment of invalidity for failure to claim patent-eligible subject matter: the asserted patents are directed to the abstract idea of voice shopping and are ineligible under § 101 based on the intrinsic record alone. Instead, Freshub focuses largely on procedural issues, arguing that Amazon waived its request for the Court to fully resolve the patent-eligibility issue. But no waiver occurred because the ineligibility of the asserted claims is an issue of law—one that does not depend on the jury's response to an interrogatory about whether the claim limitations were well understood and conventional. The Court should enter judgment as a matter of law under § 101.

I.  **THE TRIAL RECORD ON SECTION 101 IS IRRELEVANT BECAUSE THE ASSERTED PATENTS ARE INELIGIBLE AS A MATTER OF LAW BASED ON THE DISCLOSURES IN THE PATENTS THEMSELVES.**

A.  **The asserted patents fail *Alice* step one.**

As discussed in opening, the asserted claims are directed to an abstract idea—the result of voice shopping—with no specific way to achieve it other than using conventional elements. Nowhere do the asserted claims describe any new or improved algorithm or architecture for a "novel distributed system . . . designed to provide specific improvements to voice processing," as Freshub claims. (Opp. at 8.) Freshub's arguments at step one thus fail.

First, Freshub argues that cases like *Two-Way Media, Ameranth,* and *VOIT* do not apply because, in each case, the court found there was no improvement over conventional means for achieving the claimed function. But Freshub fails to meaningfully distinguish its own claims. In *Two-Way Media*, for example, the Federal Circuit invalidated patents related to a system for streaming audio/visual data over the internet because the claims recited "functional results"—*e.g.*, converting, routing, controlling, monitoring, and accumulating records—but failed to "sufficiently describe how to achieve these results in a non-abstract way." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1333, 1337–38 (Fed. Cir. 2017). Similarly, in *Apple, Inc.*

*v. Ameranth, Inc.*, the Federal Circuit held invalid claims directed to the idea of generating restaurant menus for a mobile device.  842 F.3d 1229, 1235 (Fed. Cir. 2016).  Relevant here, certain challenged claims in *Ameranth* required a menu that could be "manually modified by handwriting or voice recording."  *Id.* at 1244.  The court held that referring to "the use of existing . . . voice capture technologies using a computer system" did not make the claims eligible. *Id.* at 1245. The court ultimately held the claims ineligible because they disclosed no "particular way of programming or designing the software" to create those menus or features.  *Id*. at 1241.

Freshub's claims are no different.  They recite functional steps—receiving and translating a spoken order, identifying an item corresponding to the order, and displaying a list of the identified items.  And those steps are implemented using only generic components and pre-existing voice capture technologies.  They claim no new way to accomplish any of the steps. There is no new algorithm, architecture, hardware, or software, nor is there any claimed improvement to the functioning of pre-existing voice capture technologies.  The two columns in the specification that reference the voice system describe only a generic "voice recording device" for capturing voice orders and "[a] remote computer processing system [that] receives, stores, and accesses" digitized voice orders, "match[es] the user's spoken order with a product," provides quotes from vendors, and allows the user to place an order.  (*See* '153 patent at 8:17–9:14.)  This just describes results achieved using generic computing equipment, not a specific architecture or way for achieving them.  Indeed, the patents expressly rely on other, existing technologies.  (*See, e.g.*, '153 patent, Fig. 8 at 806.)  At best, the patents propose conventional, generic components and instructions "to carry out the recited abstract idea, [which] is insufficient."  *Two-Way Media*, 874 F.3d at 1338.[1]

---

[1] Freshub's authorities do not apply for the same reason; namely that the claims in those cases "focused on various improvements of systems," while Freshub's do not.  *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc*., 880 F.3d 1356, 1362 (Fed. Cir. 2018); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016); *Thales Visionix Inc. v. United States*, 850

Freshub's only other arguments at step one are procedural.  Freshub argues that the Court never ruled that the patents are directed to an abstract idea because it did not issue a written order denying Defendants' motion for summary judgment on patent ineligibility.  (Opp. at 8–9.)  But as Freshub concedes, the Court would only need to reach step two if it determined that the asserted claims were directed to an abstract idea.  (*See* Opp. at 8 (quoting *SimpleAir, Inc. v. Google Inc.*, 136 F. Supp. 3d 745, 750 (E.D. Tex. 2015) (challenging party "must show that the challenged claims first fail the 'ineligible concept' step")); *see also Enfish,* 822 F.3d at 1339 (no need to decide step two when claims are not directed to abstract idea at step one); *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 221 (2014) (courts on "turn to the second step" "*[b]ecause the claims at issue are directed to the abstract idea*"); Manual of Patent Examining Procedure § 2106 [R-10.2019] (flow chart requiring a ruling at step one before considering "inventive concept" at step two).)  Here, the Court was clear that "[w]e're going to take [§ 101 eligibility] up under step two." (Dkt. 259 (Trial Tr.) at 30:12–13.)  Had the Court not already ruled the patents directed to an ineligible idea at step 1, it would have had no reason to "take up" step two at all.

Finally, Freshub claims that Defendants did not prove step one by clear and convincing evidence.  (Opp. at 1, 7–9.)  But the "clear and convincing" standard, like all other evidentiary burdens, applies to fact issues, not to legal issues like patent ineligibility.  *See Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 767 (Fed. Cir. 1988) ("it [is] inappropriate to speak in terms of a particular standard of proof being necessary to reach a legal conclusion.  Standard of proof relates to specific factual questions") (citation omitted); *CG Tech. Dev., LLC v. Bwin.party (USA), Inc.*, No. 2:16-cv-871, 2016 WL 6089696, at *3 (D. Nev. Oct. 18, 2016) (rejecting the argument that "to invalidate a patent under § 101 requires clear and convincing evidence").  Freshub points to

---

F.3d 1343, 1348 (Fed. Cir. 2017).

Question 3 of the verdict form, which applied the clear and convincing evidence standard to the question of *conventionality*—which is sometimes an issue of fact. (Opp. at 7.) But it is wrong to suggest, as Freshub does, that the same burden applies to a pure question of law.

**B.    The asserted patents fail *Alice* step two.**

Because the asserted claims are directed to an abstract idea, they must recite an inventive concept that is significantly more than that idea in order to be patent-eligible. *Alice*, 573 U.S. at 221–23. But there is no such inventive concept in the patents. The specification states instead that the "distributed" system (which Freshub alleges is inventive) uses existing "voice recognition software" or conventional "grammar constrained recognition and/or natural language recognition" invented by others. (*See, e.g.*, '153 patent at 8:36–38, 14:15–17.)[2]

Freshub argues that the Court cannot grant the motion because there is a factual dispute at step two concerning whether the claim limitations are conventional and because the jury did not answer an interrogatory on the verdict form on that question. (Opp. at 14.) But there is no such fact issue given that the specification admits that the components recited in the claims are conventional and do not disclose anything significantly more than the abstract idea itself. A court can resolve this inventive concept question at *Alice* step two without the jury's assistance particularly if, as here, "there is no genuine issue of material fact regarding whether the claim element or claimed combination is well-understood, routine, conventional to a skilled artisan in the relevant field." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018), *cert. denied*, 140 S. Ct. 911 (2020). Freshub claims that there is no authority for resolving eligibility without a jury's advisory opinion; but contrary to its assertion, courts routinely resolve step two based on

---

[2]Further, Freshub's own experts testified that a person of skill in the art would know from the specification to use conventional, off-the-shelf voice recognition programs. (Dkt. 265 (Trial Tr.) at 1286:7–1290:22.)

4

the intrinsic record alone.  *See, e.g.*, *Affinity Labs of Tex., LLC v. Amazon.com, Inc.*, 838 F.3d 1266, 1268–69 (Fed. Cir. 2016) (affirming grant of dismissal for ineligibility); *Yu v. Apple Inc.*, 1 F.4th 1040, 1045–46 (Fed. Cir. 2021) (same); *CG Tech.*, 2016 WL 6089696, at *3 ("A district court may determine whether a patent is eligible under § 101 at the dismissal stage") (citing *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d. 1343 (Fed. Cir. 2015) (granting motion to dismiss for § 101 ineligibility); *Gree, Inc. v. Supercell Oy*, 834 F. App'x 583, 589 (Fed. Cir. 2020) (affirming in part PTAB conclusion that claims were ineligible at step two).  The Court should do the same here.  It is apparent from the specification alone that the asserted claims disclose only conventional elements for performing the desired voice shopping functions.

Freshub unsuccessfully scours the trial record in search of any evidence that would contradict the patents' admissions regarding conventionality.  First, it argues that a fact issue remains unresolved because Dr. Striegel opined that the locations of the computers in the "integrated distributed system" is inventive and thus not routine, conventional, and well known. (Opp. at 11.)  But all Dr. Striegel described is a system that uses two computers and conventional software to perform the generic functions of receiving, translating, matching, identifying, adding, and displaying.  These steps are non-inventive as a matter of law.  *See, e.g.*, *IPA Techs., Inc. v. Amazon.com, Inc.*, 307 F. Supp. 3d 356, 365, 372 (D. Del. 2018) (no inventive concept where plaintiff invoked "distributed architecture" required by a "facilitator" and "agent" as "a specific solution to a specific technical problem," but did not specify the problem "or even what improvement they provide").  Dr. Striegel also testified that the claims disclosed purported improvements for capturing and processing data, and "the overall process" of identifying an item, transmitting it, and getting it "shipped to you all from your voice."  (Dkt. 265 (Trial Tr.) at 1305:25–1306:12.)  But he did not identify any particular claim limitations that embody these supposed improvements, and there are none.  His conclusory opinion does not reveal any step two

fact dispute because it is untethered from the actual disclosures in the patents.  *See cxLoyalty, Inc. v. Maritz Holdings Inc.*, 986 F.3d 1367, 1378 (Fed. Cir. 2021).

Freshub also points to a *New York Times* article as evidence of the inventiveness of the claims.  (Opp. at 11–12, 14.)  But a publication's praise of a product purportedly practicing the patent is irrelevant.  Moreover, the article Freshub cites discusses it predecessor Ikan's *bar-code scanner*, not the claimed voice shopping inventions.  (Opp. at 12.)  But even assuming Ikan had a practicing product, the purported success of that product is "insufficient to transform the claims into a patent-eligible application."  *In re Greenstein*, 782 F. App'x 1035, 1038 (Fed. Cir. 2019); *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306, 1335 (Fed. Cir. 2015) (commercial success does not "indicate that claims were drawn to patent eligible subject matter").

Freshub also argues that the Patent Office already decided patent-eligibility during prosecution.  (Opp. at 14–15.)  But because patent eligibility is a question of law, the Court owes no deference to the conclusions of the patent examiner.  *See Berkheimer*, 881 F.3d at 1365.  This is particularly true because patent examiners apply Patent Office guidelines regarding patent eligibility, which "do[] not carry the force of law, and [are] not binding on [the] patent eligibility analysis."  *See cxLoyalty*, 986 F.3d at 1375 n.1.  Moreover, "even if [the claim] recites novel subject matter," the fact that "the asserted claims 'were allowed  . . . over multiple prior art references" is "insufficient by itself to confer eligibility."  *See Yu*, 1 F.4th at 1045.  Indeed, the Court here even instructed the jury that the fact that the Patent Office grants a patent does not mean that any invention claimed in the patent deserves patent protection.  (*See* Dkt. 221 (Jury Selection Tr.) at 150:23–25; *see also* Fed. Cir. Bar Ass'n Model Patent Jury Instruction No. A.1 at 3 (May 2020), *available at* http://www.fedcirbar.org/IntegralSource/Model-Patent-Jury-Instructions.)

Freshub also suggests that the claims are patent eligible because they disclose an inventive ordered combination.  (Opp. at 12–13.)  But Freshub does not, and cannot, explain how the

combination of the conventional limitations recited by the claims makes them inventive.  Instead, the order is dictated entirely by the abstract idea:  to allow a user to shop by voice, a system must first "receive" a spoken order, "translate" it to text, "match" it to items in inventory, "identify" the corresponding item, "add" it to a list, and "display" the list to a user.  (*Id.*)  Rearranging the order would cause the claims to fail.  As in *IPA*, the asserted claims here are "arranged sequentially and any changes to their ordering would render the claims useless for accomplishing" the recited function.  *IPA*, 307 F. Supp. 3d at 372.  And if the order of the claims is dictated by the desired result, it is not inventive.  *Id.*  Freshub's patent claims thus fail *Alice* step two as a matter of law, even as an ordered combination.[3]

Freshub claims also that the patents are not unduly preemptive if Defendants do not infringe.  (Opp. at 15.)  But the fact that Defendants did not infringe the asserted claims has nothing to do with the preemption inquiry, which focuses on "how much future innovation is foreclosed *relative to the contribution of the inventor*."  *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 88 (2012) (emphasis added).  In other words, the preemption question is one of degree, requiring balancing the inventive contribution of the patents against the swath of technology the patents seek to remove from the public domain.  Freshub's patents contribute nothing to the public store of knowledge, reciting only functions achieved using existing technology that the inventors did not invent.  Such inventions unduly constrain not only Defendants but other inventors present and future who seek to build voice shopping solutions that

---

[3] None of the opinions Freshub cites involved limitations in the only possible order to achieve the result like those Freshub asserted here.  *See, e.g.*, *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1304 (Fed. Cir. 2016) ("overall ordered combination of all of the limitations was unconventional"); *ESW Holdings, Inc. v. Roku, Inc.*, No. 6:19-cv-00044-ADA, 2019 WL 10303653, at *5 (W.D. Tex. May 13, 2019) (inventive concept where non-generic ordering of conventional claim elements was possible); *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1316 (Fed. Cir. 2016) (same); *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349-50 (Fed. Cir. 2016) (same).

Freshub did not invent.

Finally, Freshub argues that the asserted claims must be patent-eligible because the jury found that they were valid over the prior art Defendants presented at trial, and patent-ineligibility involves an "[a]rguably . . . more difficult standard" of proof. (Opp. at 15.) While a technology is not "conventional" simply because it is disclosed in a prior art reference, this argument still lacks merit. The jury here did not uphold Freshub's patents against all conceivable invalidity challenges, as Freshub appears to suggest. It found that the claims were not invalid as obvious under § 103 considering the prior art combinations presented at trial. (Dkt. 247 (Final Jury Instructions) at 26.) That narrow factual issue is specific to those references and says nothing about whether the voice technologies disclosed by the patents were otherwise in conventional use. (Dkt 265 (Trial Tr.) at 1362:13–1363:7; *MyMail, Ltd. v. ooVoo, LLC*, Nos. 2020-1825, 1826, 2021 WL 3671364, at *7 (Fed. Cir. Aug. 19, 2021) (ineligibility distinct from invalidity). Given that the specification states expressly that the voice processing system relies on conventional speech processing solutions, there was no fact issue for the jury. (*See, e.g.*, '153 patent at 8:36–38, 14:15–17.)[4]

## II.   DEFENDANTS TIMELY FILED THEIR MOTION AND HAVE NOT WAIVED THEIR § 101 DEFENSE.

Freshub's opposition raises two procedural arguments, neither of which would permit the Court to sidestep the ineligibility inquiry. First, Freshub contends that Defendants' motion was untimely. (Opp. at 3.) Renewed motions under Rule 50(b) are due either 28 days from the Court's

---

[4] Defendants' position on conventionality at trial relied on the expert testimony of Dr. Johnson about the specification and the state of voice recognition technology generally. It was not limited to Defendants' asserted prior art references, as Freshub asserts. (*See, e.g.*, Dkt. 263 (Trial Tr.) at 866:1–17 (general conclusion that patents "do not contain any unconventional or novel technology"); 903:24–904:23 (addressing specification's reference to conventional voice recognition software); 913:25–916:17, 921:10–924:17 (discussing the state of the art at the time of the patents).)

entry of judgment or, "if the motion addresses a jury issue not decided by a verdict," 28 days from the day the Court discharged the jury. Fed. R. Civ. P. 50(b). Freshub contends ineligibility was a "jury issue not decided by a verdict," and Defendants' motion, submitted within 28 days of the Court's entry of judgment, was late. But the subject of Defendants' motion—*i.e.*, the legal issue of eligibility—is *not* a "jury issue" that would trigger the earlier deadline. Indeed, Defendants' motion does not depend on the fact question put to the jury at all. *See, e.g.*, *Affinity Labs*, 838 F.3d at 1268–69; *Yu*, 1 F.4th at 1045–46; *CG Tech.*, 2016 WL 6089696, at *3; *Gree*, 834 F. App'x at 589. Patent eligibility is a question of law that the jury was neither instructed on nor asked to decide. *See Berkheimer*, 881 F.3d at 1365. Freshub itself admitted that the jury was "not being asked to decide the ultimate [legal] question of patent eligibility as with infringement and validity." (Dkt. 265 (Trial Tr.) at 1145:2–5.) Rather, as Freshub told the Court, "[t]he jury is being asked to decide a subsidiary factual question, and [not] the ultimate question of eligibility which has not been explained to the jury in any way and which would confuse them as to what they're being asked to decide." (*Id.* at 1332:20–24.) Defendants' request for JMOL is proper, as it does not depend on any jury finding (or lack thereof) on the subsidiary fact issue.

Second, Freshub asserts that Defendants waived their § 101 ineligibility defense entirely because they did not require the jury to render a verdict on the subsidiary issue of conventionality after the jury returned a blank verdict form. (Opp. at 5.) According to Freshub, the Court cannot step in to rule on a factual issue that the parties presented to the jury. (*Id.*) This argument, too, lacks merit. Verdict form Question 3 on the narrow step two issue was a special verdict question, as Freshub states repeatedly in its opposition. (*Id.* at 5–6.) A special verdict returns the specific factual findings necessary to resolve an issue, leaving the court to apply the law to those answers and enter judgment accordingly. *See Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 517 (5th Cir. 2020) (citing 9 James WM. Moore et al., Moore's Fed. Prac. § 49.02[2](b) (3d

ed. 2019)).   A special verdict comes "in the form of a written finding on each issue of fact," does not apply the law to the jury's fact finding, and does not "indicate a final result."   *Id.* (citing Fed. R. Civ. P. 49(a)(1)).   And under Fifth Circuit law, a party does not waive a legal issue by failing to object to an inconsistent special verdict on a subsidiary fact question.   *Id.* at 515 ("With special verdicts . . . there can be no waiver by late raising of the issue of inconsistency because the jury has not resolved what is necessary for the court to enter judgment.").   The unanswered interrogatory was special because it asked for a single factual determination and did not indicate which party would prevail on § 101.   Defendants did not waive its entire § 101 defense by not asking the jury to answer the special verdict question on conventionality.

Freshub relies on the Fifth Circuit's *Guidry* opinion to argue that the Court cannot rule on § 101 here.   (Opp. at 6–7.)   The jury in that case returned an inconsistent special verdict on questions of fact underlying a claim for contributory negligence.   *See Guidry v. Kem Mfg. Co.*, 604 F.2d 320, 321 (5th Cir. 1979).   The court could not rule on the larger legal conclusion without the "indispensable" underlying finding of fact.   *See id*.   Here, the jury gave no answer to Question 3 on conventionality, not an inconsistent one, and the specification admits that there was no fact dispute for the jury to rule on in the first place.   Freshub misapplies *Guidry* and the Court is thus free to rule on § 101 ineligibility as a matter of law. [5]

## III.   CONCLUSION

For these reasons, the Court should grant judgment as a matter of law.

---

[5] Freshub's other cases similarly do not support its arguments, as in them the court instructed the jury on the law and the unanswered special verdict questions involved fact issues (infringement, willfulness, or damages), not legal ones.   *See, e.g.*, *Slade Gorton, & Co. v. Millis*, 794 F. Supp. 175, 176 (E.D.N.C. 1992), *aff'd*, 62 F.3d 1433 (Fed. Cir. 1995); *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989).

September 14, 2021

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
Bradley Dalton Coburn
coburn@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

Deron R. Dacus (TX Bar #00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543

Respectfully submitted,

*/s/ Eric B. Young*
J. David Hadden, (CSB No. 176148)
Email: dhadden@fenwick.com
Saina S. Shamilov, (CSB No. 215636)
Email: sshamilov@fenwick.com
Todd R. Gregorian (CSB No. 236096)
Email: tgregorian@fenwick.com
Ravi R. Ranganath (CSB No. 272981)
Email: rranganath@fenwick.com
Allen Wang (CSB No. 278953)
Email: allen.wang@fenwick.com
Eric B. Young (CSB No. 318754)
Email: eyoung@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

*Counsel for Defendants*
*AMAZON.COM, INC., AMAZON.COM*
*SERVICES LLC, PRIME NOW, LLC, and*
*WHOLE FOODS MARKET SERVICES, INC.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 14th day of September 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Eric B. Young*

Eric B. Young