# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FRESHUB, INC. and FRESHUB, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET SERVICES, INC., a Texas Corporation, <br><br> Defendants. | Case No. 6:21-CV-00511-ADA |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO AMEND FINDINGS UNDER FED. R. CIV. P. 52(B)**

# TABLE OF CONTENTS

                                                                                                                                                       **Page**

I.     INTRODUCTION ..................................................................................................1

II.    THE COURT SHOULD AT THE VERY LEAST REINSTATE ITS ORIGINAL FINDINGS OF FACTS AND CONCLUSIONS OF LAW. .....................1

III.   THIS IS THE LAST CHANCE FOR DEFENDANTS TO RAISE ISSUES WITH THE FACTUAL FINDINGS OF THE COURT. ........................................3

        A.     If the Court continues to disagree with Defendants' broader proposed findings of fact, it should at least adopt the subsidiary findings, which are grounded in the trial record. .........................................4

        B.     The Court should correct its erroneous finding with respect to Mr. Weiss's failure to review the Knobbe Martens docketing system. ..............5

IV.   CONCLUSION.....................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Eni US Operating Co. v. Transocean Offshore Deepwater Drilling, Inc.*,
  919 F.3d 931 (5th Cir. 2019) ...................................................................................1, 2, 3

*Fontenot v. Mesa Petroleum Co.*,
  791 F.2d 1207 (5th Cir. 1986) ..............................................................................................4

*Golf City, Inc. v. Wilson Sporting Goods, Co., Inc.*,
  555 F.2d 426 (5th Cir. 1977) ..........................................................................................2, 4

*In re Country Junction, Inc.*,
  41 B.R. 425 (W.D. Tex. 1984), *aff'd sub nom. Country Junction v. Levi Strauss*, 798 F.2d 1410 (5th Cir. 1986)..................................................................................1

*Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*,
  No. EP-12-CV-00221-DCG, 2014 WL 12479410 (W.D. Tex. Sept. 2, 2014),
  *aff'd*, 622 F. App'x 418 (5th Cir. Tex. 2015) ....................................................................4, 5

*Irving Tanning Co. v. Kaplan*,
  876 F.3d 384 (1st Cir. 2017)...............................................................................................3

*Parson v. Kaiser Aluminum & Chem. Corp.*,
  575 F.2d 1374 (5th Cir. 1978) ............................................................................................2

*Ravago Americas L.L.C. v. Vinmar Intl. Ltd.*,
  832 Fed. Appx. 249 (5th Cir. 2020) ....................................................................................4

*Schlesinger v. Herzog*,
  2 F.3d 135 (5th Cir. 1993) ..................................................................................................1

*Vocalife LLC v. Amazon.com, Inc.*,
  No. 2:19-CV-00123-JRG, 2021 WL 1401434 (E.D. Tex. Apr. 14, 2021),
  *appeal docketed*, No. 2021-1937 (Fed. Cir. May 11, 2021) ..............................................3, 4

**RULES**

Fed. R. Civ. P. 52(a)(1)..........................................................................................................1

Fed. R. Civ. P. 52(b) ..........................................................................................................1, 3

**I.      INTRODUCTION**

Freshub's opposition does not present reason to deny Defendants' motion to amend findings under Fed. R. Civ. P. 52(b).  First, the Court should reinstate its original findings of facts and conclusions of law (Dkt. 271 ("Findings of Facts")); the law requires a clear and separate statement of the Court's findings of fact to aid appellate review.  Second, Defendants' request to supplement the original findings is both warranted by the trial record and necessary to preserve those issues for appeal.  Finally, contrary to Freshub's assertions, Defendants have not presented new theories and evidence.  Rather, Defendants have requested that the Court clarify its findings regarding David Weiss's claimed "investigation" of the abandonment of the '291 application in light of the trial record.

**II.     THE COURT SHOULD AT THE VERY LEAST REINSTATE ITS ORIGINAL FINDINGS OF FACTS AND CONCLUSIONS OF LAW.**

Under Rule 52 "[i]n an action tried on the facts without a jury or with an advisory jury, the court must *find the facts specially* and state its conclusion of law *separately*."  Rule 52(a)(1) (emphases added).  The purpose of the rule "is to afford the appellate court a clear understanding of the basis of the trial court's decision."  *In re Country Junction, Inc.*, 41 B.R. 425, 431 (W.D. Tex. 1984) (citation omitted), *aff'd sub nom. Country Junction v. Levi Strauss*, 798 F.2d 1410 (5th Cir. 1986).  The court's findings must be "explicit and detailed enough to enable [the appeals court] to review them under the applicable standard."  *Schlesinger v. Herzog*, 2 F.3d 135, 139 (5th Cir. 1993) (citations omitted).

The Fifth Circuit recently reaffirmed that the district court should make "every effort" to make its fact finding "as adequate as it humanly can be" for appellate review.  *See Eni US Operating Co. v. Transocean Offshore Deepwater Drilling, Inc.*, 919 F.3d 931, 935–36 (5th Cir. 2019) (citation omitted).  This means that the district court "must lay out enough subsidiary findings to allow [the appeals court] to glean a clear understanding of the analytical process by

1

which [the] ultimate findings were reached and to assure us that the trial court took care in ascertaining the facts." *Id.* at 936 (internal quotations omitted). The reviewing court "cannot be left to second-guess the factual basis for the district court's conclusion." *Id.* at 937 (citation omitted); *see also Parson v. Kaiser Aluminum & Chem. Corp.*, 575 F.2d 1374, 1383 (5th Cir. 1978). So, for example, in the *Golf City* case, the Fifth Circuit remanded where the district court had held the defendant liable for Clayton Act antitrust violations, but the findings of fact failed to address the evidence in the record that the defendant's conduct was not anti-competitive. *Golf City, Inc. v. Wilson Sporting Goods, Co., Inc.*, 555 F.2d 426, 434 (5th Cir. 1977). Even in a case where the district court issued a reasoned opinion, as this Court did, an appellate court will still remand where the findings of fact are incomplete or fail to acknowledge conflicting evidence. *Id.* at 434–35.

      Here, the Court vacated its original findings, and the separate statement of findings included in the Order does not appear to address fully the fact disputes that the Court resolves later in the Order. The Federal Circuit will be left to guess as to the Court's assessment of evidence not addressed by the Order, as well as where the Court intended to act as a fact finder and where it intended to rule as a matter of law based on an undisputed record. As just one example, the Court concludes that Mr. Weiss was merely negligent in his investigation, which is not enough to satisfy the intent requirement for inequitable conduct. (Order at 12.) But the Court rejected without comment subsidiary facts related to this issue that Defendants proposed (Dkt. 255), making it unclear whether, *e.g.*, it thought the evidence did not support the finding, the proposed finding was irrelevant to its conclusion on intent, or something else entirely. As a result, the Court at a minimum should reinstate its Findings of Fact to clarify the record as to which facts it found, and which it rejected, and why.

**III. THIS IS THE LAST CHANCE FOR DEFENDANTS TO RAISE ISSUES WITH THE FACTUAL FINDINGS OF THE COURT.**

Defendants requested that the Court adopt some of the previously proposed facts that it had not adopted in its Order. (Mot. at 2-6, ¶¶ 1-14.) Each of these facts are supported by the trial record and the Court's granting judgment based on partial findings without adopting them was erroneous. Defendants also asked the Court, particularly if it disagrees with certain of the broader proposed findings, to adopt subsidiary facts that mirror the uncontested testimony and evidence at the bench trial and are thus unassailable. (*Id.* ¶¶ 1a-1k, 3a-c.)

Freshub argues that these requests are all improper because they are attempts to reframe or relitigate the inequitable conduct issue. (Opp. at 5.) Freshub's argument is flawed. Moving under Rule 52(b) is the only appropriate way to preserve these issues for appeal. *See Irving Tanning Co. v. Kaplan*, 876 F.3d 384, 390 (1st Cir. 2017) (citing Wright & Miller, *Federal Practice and Procedure* § 2582 at 358–59 (3d ed. 2013)). If a party does not move under Rule 52(b), it is limited on appeal to challenging whether the facts the Court found support its legal conclusions. *See id.* The motion preserves an appeal as to whether the Court's findings were erroneous and whether the Court should have found additional subsidiary facts supported by the record and relevant to its ultimate conclusions. *See id.*; *see also Eni US Operating Co.*, 919 F.3d at 936. The latter issue is important here, where the Court issued judgment based on admittedly partial findings rather than a full ruling as to whether each of the parties' proposed findings was supported or refuted by the bench trial record.

Each of the cases that Freshub invokes are distinguishable on this basis (*i.e.*, they involved a complete ruling after a bench trial rather than a ruling based on partial findings) as well as others. *Vocalife*, for example, dealt with a Rule 52(b) motion that asked the district court to reconsider its analysis regarding its ultimate findings. *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-CV-00123-

3

JRG, 2021 WL 1401434, at *10 (E.D. Tex. Apr. 14, 2021), *appeal docketed*, No. 2021-1937 (Fed. Cir. May 11, 2021).  *Interstate Fire* involved a disagreement with the weighing of the evidence that the district court had considered.  *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, No. EP-12-CV-00221-DCG, 2014 WL 12479410, at *2 (W.D. Tex. Sept. 2, 2014), *aff'd*, 622 F. App'x 418 (5th Cir. Tex. 2015).[1]  The Court should find the proposed facts omitted from its original findings and its judgment on partial findings, as well as the additional subsidiary evidentiary facts relevant to determination of the ultimate issue.

> **A.  If the Court continues to disagree with Defendants' proposed findings and conclusions on the ultimate issue, it should at least adopt the proposed subsidiary findings, which are grounded in the trial record.**

The Court must include subsidiary facts that undergird its findings and conclusions on ultimate issues:

> Ultimate facts generally are derived from subsidiary facts through a cause-effect reasoning process. That is, when subsidiary facts A, B, and C are shown to exist, then, because of the fact-finder's knowledge of the way the world works, he is able to conclude that, more likely than not, ultimate fact X also exists.  He infers X from A, B, and C.

*Golf City,* 555 F.2d at 433.  Freshub claims that the proposed subsidiary facts are improper because they represent "new theories." (Mot. at 10.)  But subsidiary facts are not new theories, they are facts in the record that either support or cut against the district court's ultimate findings.  The case Freshub relies on for the argument that the Defendants may not point the Court to subsidiary facts other than those requested in the initial proposed findings provides no actual support for that contention.  *See Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).  Defendants presented evidence and proposed findings that cut against the Court's ultimate conclusions, and

---

[1]  *Ravago* is even further afield as it involved a district court's finding of contempt rather than a Rule 52 motion.  *Ravago Americas L.L.C. v. Vinmar Intl. Ltd.*, 832 Fed. Appx. 249, 260 (5th Cir. 2020) (unpublished).

4

for which there is no definitive ruling due to the Court's decision based on "partial" rather than complete findings.

### B. The Court should correct its erroneous finding with respect to Mr. Weiss's failure to review the Knobbe Martens docketing system.

Defendants asked also that the Court correct the erroneous finding that Mr. Weiss looked at his firm's docketing system to investigate the abandonment of the '291 application, because it conflicts with his clear testimony that he could not recall doing so and that he did not even know what the relevant records in the docketing system looked like. (Dkt. 276 at 6 n.2 (citing Findings of Fact at p. 6, ¶ 21; Order at 6).)

Freshub does not rebut or explain this testimony; instead, it takes issue with Defendants' submission of the attorney colloquy surrounding the ambiguous "yes" answer that the Court relied on to find that Mr. Weiss had in fact investigated the docketing system in spite of the testimony to the contrary. (Opp. at 12-15.) But Defendants may rely on anything in the record to clarify Mr. Weiss's answers. *See Interstate Fire & Cas. Co.*, 2014 WL 12479410, at *2 ("The proper standard [for relief under 52(b)] is whether the Court's findings of fact or conclusions of law are supported by the evidence in the record . . . ."). Freshub itself designated pages 132:18-135:18 of Mr. Weiss's deposition for the bench trial (Dkt. 219-7 at 37, Freshub Designations of Weiss Depo. 132:18-135:18), which covers most of the disputed context. (*See* Mot. at 6 n.2; Ex. 1 (Weiss Depo.) at 132:2-132:6, 132:11-17, 135:19-23, 137:17-19, 138:22-23, 138:24-139:2.) Defendants designated parts of the relevant questioning and colloquy as well. (Dkt. 219-7 at 37.) The supposedly "new" testimony all consists of attorney speaking objections and colloquy which are typically not played at trial. (*See* Ex. 1 (Weiss Depo.) at 132:7-10, 135:24-:136:5, 136:9-137:16, and 137:20-138:21.) But this context is now relevant because the "yes" uttered by Mr. Weiss was made during his attorney's objections and was not clearly

responsive to the question posed, particularly in light of his later contradictory testimony.[2]

## IV. CONCLUSION

Defendants request that the Court grant the motion to amend or supplement its Findings of Facts as set forth above and in the opening brief and amend its Order to hold that the statement offered to revive the '291 application was false and made with intent to deceive the Patent Office and the asserted patents are unenforceable because of inequitable conduct.

September 15, 2021

*Of Counsel:*

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
Bradley Dalton Coburn
coburn@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

Deron R. Dacus (TX Bar #00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543

Respectfully submitted,

*/s/ Todd R. Gregorian*

J. David Hadden, (CSB No. 176148)
Email: dhadden@fenwick.com
Saina S. Shamilov, (CSB No. 215636)
Email: sshamilov@fenwick.com
Todd R. Gregorian (CSB No. 236096)
Email: tgregorian@fenwick.com
Ravi R. Ranganath (CSB No. 272981)
Email: rranganath@fenwick.com
Allen Wang (CSB No. 278953)
Email: allen.wang@fenwick.com
Eric B. Young (CSB No. 318754)
Email: eyoung@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200
*Counsel for Defendants*
*AMAZON.COM, INC., AMAZON.COM SERVICES LLC, PRIME NOW, LLC, and WHOLE FOODS MARKET SERVICES, INC.*

---

[2] To the extent the Court determines that the attorney objections colloquy in the deposition testimony of Mr. Weiss are not part of the record, Defendants request that the Court nonetheless consider it as new evidence that provides necessary context to Mr. Weiss's answer.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of September 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Todd R. Gregorian*